Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted):<br>DANiel Jenkins | | Docket or Case No.:<br>2:13·CA-00646 |
| Place of Confinement: 41224<br>U.S.P. BiJ Sandy P.O. Box 2068 Inez,K¥ | Prisoner No.:<br>64784-050 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Daniel Jenkins | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court Newark NJ 07101-0999

    (b) Criminal docket or case number (if you know): 2:13 -CA-00646

2. (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing: March 11, 2014

3. Length of sentence: 188 Months

4. Nature of crime (all counts): 21 U.S.C. 841(a)AW) 841 (b)(i)(b)

5. (a) What was your plea? (Check one)

    (1) Not guilty ❏     (2) Guilty ☑     (3) Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❏     Judge only ❏

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❏    No ☑

8.  Did you appeal from the judgment of conviction?    Yes ❏    No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❏    No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

        Yes ❏    No ❏                                  N/A

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):              N/A

        (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:      Yes ❑  No ❑

    (2)  Second petition:   Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Did Counsel render ineffective Assistance of counsel During Plea Negotiation

SEE: Accompany Motion For support of claim

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑    N/A

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑    N/A

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Did Counsel render ineffective Assistance of Counsel During Direct Appeal

SEE: Accompany motion for support of the claim

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏  No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏  No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏  No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏  No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Issues Presented in this motion Are BASED on inEffective ASSiStance of counsel AND Affords relief Primarily through this movement Pursuant to 28 U.S.C. 2255

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
        UNKnown
(b) At arraignment and plea:
        Michael V. Gilberti
(c) At trial:

(d) At sentencing:   SAME

Page 12

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

*AN EVIDENTIARY IS WARRANTED BY LAW*

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on  _3-17-15_____  (date).

_Daniel Jenkins_

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.


Executed (signed) on      _3-17-15_____     (date)


Signature of Movant    _Daniel Jenkins_____


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

In the United States District Court
for the District of New Jersey


DATE: March 17, 2015




United States of America

v.

Daniel Jenkins
CR.NO. 2:13-CR-00646-WHW-1



Petition Pursuant to 28 U.S.C. 2255


DATE: 3-17-15

Table of Contents

Question Presented··································iii

Statement of Jurisdiction···························iv

Certificate of Interested Parties·····················v

Statement of the Case·······························1

Background·········································2

Argument··········································3

Conclusion·······································16

Certificate of Service

Questions Presented

1) Did Counsel render ineffective assistance of counsel during plea negotiation?

2) Did Counsel render ineffective assistance of counsel during Direct Appeal?

Statement of Jurisdiction


This Court has jurisdiction pursuant to 28 U.S.C. 2255.

Certificate of Interested Parties

United States District Court
for the District of New Jersey

United States Attorney's Office

Statement of the Case


Petitioner was indicted on allegations of violating United States penal code Section 841 (A) and 841 (b) (1) (b), through a one count indictment based on substance seized in this case, being, 10 grams or more of a mixture and substance containing phencyclidine, and a quanity of a mixture or substance which contained a particular amount of heroin. This case resulted in a conviction based on a Rule 11 plea agreement, which Petitioner initially waived certain rights to direct appeal and collateral. Petitioner was subsequently sentenced to 188 months of incarceration. A direct appeal was requested by Petitioner in this case based on Petitioner's counsel's ineffectiveness during the plea negotiation and most relevant a breach of agreement of stipulations advocated during the plea colloquy. During direct appeal juncture counsel was again ineffective, which the Court of Appeals directed counsel to show cause for his failed requirements to effectuate the direct appeal or he must appear before the Attorney-Hearing Officer. Counsel did not comply to the Court of Appeals instructions and Petitioner was directed to proceed pro se in filing a Motion in Opposition of the Government's Motion for Enforcement of Appellate Waiver, and Summary Affirmance. Petitioner's pro se motion was denied without an opinion, Petitioner filed for a rehearing which was denied on January 13, 2015.


1

Background


Petitioner is alleged to have conspired with John
Edwards and Claude Fields, and others, to Distribute and Possess
with Intent to Distribute, PCP, and Heroin, in Hudson County, NJ.,
during a period of time between May 12th through September 12th of
2012. Allegedly Petitioner and Edwards, on or around the Date of,
June 7, 2012, sold to another, approximately 50 individual glassine
envelopes of heroin. Also, on June 7, 2012, 250 glassine envelopes
of heroin were allegedly distributed. In furtherance its alleged
that on, June 14, 2012, Edwards gave Petitioner approximately four
small glass jars that contained PCP to sell to a third party. On
that same day its alleged that Fields gave Petitioner 15 "Yam";
raw heroin, to sell to a third person. On, June 26, 2012, its alleged
that Petitioner sold 550 individual glassine envelopes of heroin
and three bottles of PCP. On, July 18, 2012, its alleged that
Edwards gave Petitioner 700 individual glassine envelopes of heroin
to sell. On, July 23, 2012, its alleged that Petitioner sold an
unspecified amount of PCP. On, August 29, 2012, its alleged that
Petitioner sold 1000 individual glassine envelopes of heroin, and
on, September 10, 2012, its alleged the Petitioner sold 1400
individual glassine envelopes of heroin. The alleged quanity of
heroin involves approximately 87.3 grams, and the alleged quanity
of PCP is approxiamately 11.18 grams. Petitioner and his co-defendants
entered into a plea agreement to the charged offenses. Petitioner
and Edwards were represented by the same attorney which during

Petitioner's plea colloquy the Court held a hearing on the potential conflict of interest based on counsel's representation of, both, Petitioner and Edwards. Petitioner's attorney advised him that he can not represent both defendants if one or the other adduced any information against the other that could be used to mitigate their role or provide further inculpating evidence as a benefit for sentencing purposes. But, that he could represent both if the Court was only sentencing both based on the allegations of the charging offenses. The Court further alleged the unlikelihood of a benefit for cooperation based on the simultaneous representation. Based on the agreement's stipulation Petitioner allowed the attorney to continue his representation. The Court did not advise Petitioner that if this particular agreement was breached that it would be void and Petitioner's rights to appeal the breach would be reinstated. Edwards through a separate hearing receive a benefit contrary to the stipulated agreement. Petitioner and Edwards were subjects for career offender enhancements, but Edwards received a 48 month sentence oppose to Petitioner's 188 month sentence based on counsel's representation of negotiations with the Government. During direct appeal counsel was ineffective established by court orders based on his Constitutional requirements of providing effective assistance during direct appeal.

## Argument

Pursuant to 28 U.S.C. 2255 a prisoner in federal custody may seek to have his sentence vacated, set aside or corrected, if it was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. To succeed

on an ineffective assistance of counsel claim, a defendant must
satisfy the two-part test setforth by the United States Supreme
Court in, Strickland v. Washington 466 U.S. 668, 80 L.ED.2d. 674,
104 S.Ct. 2052 (1984); Also: SEE: Carpenter v. Vaughn 296 F.3d. 138,
149 (3d.Cir.2002). The first prong of the Strickland test requires
a defendant to show that his counsel's errors were so egregious as
to fall below an objective standard of reasonableness. In determining
whether counsel's representation was objectively reasonable,
the Court must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance;
SEE: McAleese v. Mazurkiewicz 1 F.3d. 159, 166 (3d. Cir. 1993).
Under the second prong of Strickland, the defendant must demonstrate
that he is actually prejudiced by counsel's errors, meaning that
there is a reasonable probability that, but for counsel's faulty
performance, the outcome of the proceedings would have been
different; SEE: Frey v. Fulcomer 974 F.2d. 348,358 (3d.Cir.1992);
Weeks v. Snyder 219 f.3d.245, 257 (3d.Cir.2000). To establish
prejudice, the defendant must also show that counsel's errors
rendered the proceeding fundamentally unfair or unreliable; SEE:
Lockhart v. Fretwell 506 U.S. 364, 369, 122 L.ED.2d. 180, 113 S.Ct.
838 (1993). The test for determining the validity of a guilty
plea is whether the plea represents a voluntary and intelligent
choice among the alternative courses of action open to the defendant.
Where a defendant is represented by counsel during the plea process
and enters his plea upon the advice of counsel, the voluntariness
of the plea depends on whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases;

SEE: Hill v. Lockhart 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.ED.2d. 203 (1985); United States v. Booth 432 F.3d. 542, 547 (3d.Cir. 2005) (effectiveness of counsel applies to advice given by counsel during guilty plea discussions); United States v. Burnett 2014 U.S. Dist. LEXIS 4944 (3d.Cir.2014) (plea agreement waiver of postconviction rights does not waive the right to bring a 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver); Haring v. Prosise 462 U.S. 306, 302, 103 S.Ct. 2368, 76 L.ED.2d. 595 (1983) (among claims not barred are those that challenge the validity of the guilty plea itself); Missouri v. Frye 132 S.Ct. 1399, 1405, 182 L.ED.2d.379 (2012) (the right to effective assistance of counsel extends to the plea negotiation process); United States v. Day 969 f.2d. 39, 43 (3d.Cir.1992) (in the context of a guilty plea, counsel must give a defendant information sufficient to make a reasonably informed decision whether to accept the plea offer). In Petitioner's case his conviction was the result of a Rule 11 plea agreement which Petitioner initially waived certain rights, relevant to this inquiry, direct appeal and collateral. During the plea colloquy a conflict of interest inquiry was held based on Petitioner's counsel's representation of, both, Petitioner and his co-defendant John Edwards. The court explained to Petitioner relevant potential conflict of interest that may arise, in pertinent part, that Petitioner would unlikely be able to receive a benefit of a reduced sentence based on cooperation if he decides to allow his counsel, Michael Gilberti, to continue representation of, both, he and Edwards. Petitioner's counsel also advised him that he can not represent both defendants if one or the other adduces any information

against the other that could be used to mitigate their role or
provide further inculpating evidence as a benefit for sentencing
purposes. But, that he could represent both if the court was only
sentencing both based on the allegations of the charged offenses.
Petitioner's counsel led him to believe, as did the Court, that the
same would apply to Edwards. Petitioner did not make any statements
against Edwards or the allegations of the charged offense.
Petitioner's counsel nor did the Court advise Petitioner that if
this particular agreement was breached it would no longer be valid
and his right to be conflict free would be subject to judicial
review. The Court only advised Petitioner that if he agree to allow
his counsel to continue representation of, both, he and Edwards
that he (Petitioner) could not later raise a conflict of interest
claim. Petitioner's counsel nor did the Court fully protect Petitioner
rights to be conflict free by the omission of his right to appeal
if the stipulation was breached. Counsel's ineffectiveness left
Petitioner in a position of not being able to fully evaluate his
options of pleading or the protections of his rights if the
agreement was breached. Petitioner did not waive, relinquish, nor
abandon his right to appeal the breach of the above stated stipulation,
because it was not known to Petitioner that if this particular
stipulation was breached that the stipulation would no longer be
valid, and therefore, subject to judicial review; SEE: United States
v. Olano 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.ED.2d.508 (1993)
quoting: Johnson v. Zerbst 304 U.S. 458 (waiver is the intentional
relinquishment or abandonment of a known right); Town of Newton
v. Rumery 480 U.S. 386, 393, 107 S.Ct. 1187, 94 L.ED.2d.405 (1987);

Brady v. United States 397 U.S. 742, 752-53, 90 S.Ct. 1463, 25
L.ED.2d. 747 (1970) (criminal defendants may waive both constitutional
and statutory rights, provided they do so voluntarily and with
knowledge of the nature and consequences of the waiver); McCarthy
v. United States 394 U.S. 459, 466, 22 L.ED.2d. 418, 89 S.Ct. 1166
(1969) (requires that a defendant understand the law in relation
to the facts in order for a plea to be valid); United States v.
Booth 432 F.3d. 542, 547 (3d.Cir.2005) (the test for determining
the validity of a guilty plea is whether the plea represents a
vouluntary and intelligent choice among the alternative courses
of action open to the defendant). Moreover, it has been
longstanding that substance of oral agreements and sitpulations
are binding when recited on the record and accepted by a Federal
District Judge ; SEE: Kokkonen v. Guardian Life INC. Co. 511 U.S.
375, 128 L.ED.2d.391, 114 S.Ct. 1673 (1994). Plea bargains are
essentially contracts; SEE: Mabry v. Johnson 467 U.S. 504, 508, 104
S.Ct. 2543, 81 L.ED.2d. 437 (1984), and oral agreements are part of
the contract; SEE: Uncon Processing COP. v. Atkin  465 U.S. 1038,
79 L.ED.2d. 712, 104 S.Ct. 1316 (1984). In Petitioner's case the
Court explicity instructed when referencing the unlikelihood of a
benefit for cooperation based on the simultaneous representation
of counsel that it also applied to Edwards. Petitioner's counsel
was ineffective for not protecting Petitioner's rights to appeal
if Edwards sentence was considered on any factors primised on
cooperation, on any level, other than pleading to the charged
offense in the order setforth in the indictment or information. The
omission of the preserved right to appeal was critical and allowed

7

Edwards to mitigate his role in the charged offense without
Petitioner having any protection against Edwards potential
misleading or totally fabricated assertions through mitigation or
cooperation. Edwards received a benefit during his negotiation and
sentencing, therefore the oral stipulation of the written agreement
was breached. The Courts have held that a charge of a breach of a
written contract, that was subsequently modified by an oral
agreement presents a purely legal question and goes to the question
of just what, under the law, the contract between the Government
and Petitioner is; SEE: Dairy Queen v. Wood 369 U.S. 469, 8 L.ED.
2d. 44, 82 S.Ct. 894 (1962). The Supreme Court in Puckett v.
United States 556 U.S. ___, 129 S.Ct.___, 173 L.ED.2d.266, 2009
U.S. LEXIS 2330 (2009), holds that, when consideration for a
contract fails-that is when one of the exchanged promises is not
kept-the Court does not say that the voluntary bilateral consent
of the contract never existed, so that it is automatically and
utterly void, the Court says that the contract was broken. Moreover,
the issue during plea negotiation's first call of duty through the
conflict of interest hearing was to determine whether a separate
counsel should be appointed to Petitioner in order to protect his
rights through due process and the Sixth Amendment. This Court has
also held, where a defendant does not seek the reversal of his
conviction (i.e., does not seek to withdraw his guilty plea) but
only challenges the validity of his appellate waiver so that he
may appeal his sentence, he is obligated to show a reasonable
probability that the Rule 11 error has precluded him from understanding
that he had a right to appeal and that he had substantially agreed

to give up that right. The reasonable probability standard is not
the same as, and should not be confused with, a requirement that
a defendant prove by a preponderance of the evidence that but of
error things would have been different; SEE: Hines v. Ricci, et al.,
respondents United States District for the District of New Jersey
2013 U.S. Dist. LEXIS 48852 (3d.Cir.2013), also SEE: Williams v.
Taylor 529 U.S. 362, 397, 120 S.Ct. 1495, 146 L.ED.2d. 389 (2000)
(holding that Virginia Supreme Court's adjudication of ineffective
assistance of counsel claim was contrary to or an unreasonable
application of Strickland's reasonable probability standard for
prejudice where the Virginia Court ruled that mere difference in
outcome is not sufficient to find prejudice); Megana v. Hofbauer
263 F.3d. 542, 550 (6th Cir. 2001) (holding that, by placing a
burden of proof on the defendant which was more exacting than a
reasonable probability to determine prejudice, Michigan Court of
Appeals adjudication of ineffective assistance during plea negotiations
claims was contrary to clearly established Supreme Court precedent);
Hose v. Lee 252 F.3d. 676, 689 (4th Cir. 2001) (holding that
it was contrary to clearly established Supreme Court precedent for
state court to require Petitioner to prove prejudice under Strickland
by preponderance of the evidence); Mask v. McGinnis 233 F.3d. 132,
140 (2d. Cir.2000) (concluding that state court's failure to employ
reasonable probability standard to evaluate ineffective assistance
during plea negotiations claim unreasonably applied clearly established
Supreme Court precedent). In this case, had Petitioner known that
he was waiving the right to appeal if Edwards was allowed any benefit
contrary to what was advised by counsel and the court, to Petitioner,

in concern of this critical conflict of interest Petitioner would not have accepted the plea negotiated by his counsel nor allowed him to continue representation. Clearly, since the Court instructed Petitioner that it was unlikely that any benefit will be received because of the simultaneous representation, but that nobody, not the Court, Government, nor counsel, at that time can foresee the potential conflict of interest that may arise, the Court should have also advised of the potential breach and counsel should have protected Petitioner's right to appeal if Edwards was to change course and proffer against Petitioner. Consequently, Edwards received a benefit contrary to what counsel advised Petitioner would occur through the plea negotiation, and the Government was allowed to enforce an appellate waiver against Petitioner.

### Counsel was Ineffective through the Plea Negotiation by not Factually Determining the Quanity of Drugs

Petitioner advised his counsel to conduct an independent evaluation on the quanity of the drugs allegedly seized via the investigation because the quanity alleged to be seized is overstated. Counsel could not effectively negotiate a proper plea bargain without first determining the correct quanity which, effects Petitioner's guidelines range. Even given Petitioner's alleged career offender status, Petitioner would have received a considerably shorter sentence had counsel conducted the independent evaluation and discovered that in fact the quanity was overstated by the Government; SEE: United States v. Gibbs, CRIM.No. 81-260, 1986 U.S. Dist. LEXIS 24768, 1986 WL 6309, at 3 (E.D.PA. 1986) (drug quanity is primarily relevant under the penalties section in 21 U.S.C. 841 (b)

under which the Court determines the proper sentence to apply
after a defendant is convicted).; United States v. Kauffam 109
F.3d. 186 (3d.Cir.1997) (an attorney must investigate a case,
when he was cause to do so, in order to provide minimally competent
professional representation); United States v. Gray 878 F.2d.
702 (3d.Cir.1989) (ineffective for failure to investigate); Wiggins
v. Smith 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.ED.2d. 471 (2003)
(failure to conduct factual investigation of clients case was
objectively unreasonable);  Strickland (must include an independent
examination of the facts). Petitioner's counsel was ultimately
required to render reasonably effective assistance given the
totality of the circumstances. The circumstances of Petitioner's
case was based on a plea where a sentencing factor would primarily
be based upon drug quanity. Petitioner's counsel relied only on
what the Government had alleged in drug weight in calculating what
would ultimately result in his guideline range. Counsel's conduct
was not reasonable given the circumstances and had reason to conduct
the factual investigation to determine the correct weight to
effectuate an effective plea negotiation. Petitioner plead guilty
to possession of the charged substance and knew how much in weight
he had before packaging. When Petitioner reviewed what the Government
was alleging as quanity, Petitioner advised his counsel that either
the Government had deliberately overstated the weight or circumvented
the process of determining the weight by weighing the substances
with what it was packaged in. Consequently, had counsel conducted
the independent investigation to effectuate the effective plea
negotiation, Petitioner's guideline range, being the factor of the

page thirty

11

negotiation, would have been considerably lower than the estimated
and sanctioned 188 to 235 months. Therefore, counsel was ineffective
through the plea negotiation and Petitioner was prejudice. Moreover,
counsel advised Petitioner that it did not make a difference
if he conduct the independent investigation because Petitioner was
still considered a career offender and would be sentenced accordingly,
and, therefore, should enter the plea and attempt mitigations at
sentencing. This advise was not competent and a deprivation of what
is required by the Sixth Amendment.

### Ineffective Assistance of Appellate Counsel

Legal Grounds:

The right to effective assistance of counsel is not confined
to trial, but also extends to the first appeal as of right; SEE:
Kimmelman v. Morrison 477 U.S. 365, 106 S.Ct. 2574, 91 L.ED.2d.
305 (1986); Smith v. Robbins 528 U.S. 259, 286-89, 120 S.Ct. 746,
145 L.ED.2d. 756 (2000) (Strickland standards applies to ineffective
assistance of appellate counsel as well as the assistance of trial
counsel). Based on the foregoing facts and law, Petitioner
affirmatively plea the denial of effective assistance of counsel
on his direct appeal based on counsel's unprofessional failure in
litigating his direct appeal. Petitioner affirmatively plea prejudice
within the meaning of; Strickland v. Washington 466 U.S. 668, 104
S.Ct. 2052, 80 L.ED.2d. 674 (1984) also SEE its Progeny; Wiggins
v. Smith 539 U.S. 510, 123 S.Ct. 2527, 156 L.ED. 2d. 471 (2003).
The ineffectiveness prong requires defendant to show that counsel's
actions were not supported by a reasonable strategy; SEE: Massaro

12

v. United States 538 U.S. 500, 123 S.Ct. 1694, 155 L.ED.2d. 714
(2003), in light of all circumstances; SEE: United States v. Day
969 F.2d. 39, 42 (3d. Cir. 1992). Regarding the prejudice requirement
the Supreme Court held that a reasonable probability is a
probability sufficient to undermine confidence in the outcome;
Strickland. This standard requires less than a preponderance of the
evidence; SEE: United States v. Cross 308 F.3d. 308, 315 (3d.Cir.
2002).

        Ineffective Claim:

        After sentencing Petitioner notified his counsel to file
a Notice of Appeal and assumed that he had filed the necessary
notice. Petitioner began attempts to correspond with his counsel
in reference to the necessary procedures and issues. However,
counsel would not respond to any Petitioner's attempt communications.
Petitioner then notified the Court of Appeals concerning counsel's
neglect, which the Court forwarded Petitioner there docket sheet
that indicated that counsel had not filed a timely Notice of
Appeal; SEE: United States v. Shedrick 493 F.3d. 292 (3d.Cir.2007);
United States v. Edwards 297 F. Supp.2d.813 (E.D. PA.2003) (counsel
ineffective for failure to file the appeal). At this time it
still appear that no Notice of Appeal had been filed by counsel
but after Petitioner's continuous efforts, on, August 10, 2014, the
Court of Appeals sent Petitioner a copy of there notification that
it is waiting for the remaining case opening form to be filed, and
an order to counsel to show cause as to why he has failed to file
required transcript purchase order forms, and that he has until,

August 8th, to respond to the order or he must appear before the
Attorney-Hearing officer. It further appear that at some time
unknown to Petitioner the Government filed a motion for, Enforcement
of Appellate Waiver, and Summary Affirmance. Counsel still had
not effectuated the necessary procedures. The Court's have held
that even after a waiver, a lawyer who believes a requested appeal
would be frivolous is bound to file a Notice of Appeal and submit
a brief pursuant to Anders v. California. When counsel fails to do
so, the Court will presume prejudice, as required by, Roe v. Flores-
Ortega 528 U.S. 470, 484, 145 L.ED.2d.985, 120 S.Ct. 1029 (2000),
and the defendant will be entitled to a direct appeal without
any showing on collateral review that his appeal will likely
have merit; SEE: Campusano v. United States 442 F.3d.770 (2nd.
Cir.(2005), Anders specifically requires that counsel submit a brief
to the court and to the defendant, requesting withdrawl, but referring
to anything in the record that might arguably support the appeal.
The court--not-- counsel--then proceeds, after a full examination
of all proceedings, to decide whether the case is wholly frivolous.
In making this determination, the appellate court evaluates
(1) whether counsel adequately fulfilled the rule's requirements
(2) whether an independent review of the record present any
nonfrivolous issues; SEE: United States v. Watkins 297 FED.APPX
170 (3d.Cir.2008). When counsel's Constitutionally deficient
performance deprives a defendant of an appeal that he otherwise
would have taken, the defendant has made out a successful ineffective
assistance of counsel claim entitling him to an appeal; SEE:
Roe v. Flores-Ortega. In this case, Petitioner's counsel has not

met any of the structured requirements, and, moreover, abandoned
Petitioner's case at a critical stage. When it was apparent to the
Court of Appeals that counsel had abandoned the case, the Court then
instructed Petitioner to file a pro se brief in opposition of the
Government's Motion for Enforcement of Appellate Waiver, and
Summary Affirmance, and that the motion will be presented to the
panel accompany by Petitioner's Motion to Appoint New Counsel.
Based on counsel's defiance of the court order and abandonment
of Petitioner's case and right to assistance of counsel on first
direct appeal, causing a deprivation of Petitioner's Sixth Amendment
right to counsel, in essence, Petitioner was denied counsel at a
critical stage against his will; SEE: United States v. Cronic
466 U.S. 648, 659 N.25, 104 S.Ct. 2039, 80 L.ED.2d. 657 (1984)
(counsel entirely fails to subject the prosecutions case to
meaningful adversarial testing; as well, the Court also explained
that reversal is required where there has been a complete denial
of counsel at a critical stage of the criminal proceeding); Evitts
v. Lucey 469 U.S. 387, 83 L.ED.2d. 821, 105 S.Ct. 830 (1984) (due
process clause guarantees a criminal defendant the effective
assistance of counsel on a first appeal as of right, nominal
representation on such an appeal does not suffice to render the
proceeding Constitutionally adequate). Counsel's deficient conduct
deprived Petitioner and the Court of Appeals there warranted
evaluation of the District Court's errors during the Rule 11
colloquy which is the available juncture to adjudicate the District
Court's errors; Also SEE: Exhibit (1) appeals court notifications
to counsel in reference to his deficient requirements).

Conclusion

An Evidentiary Hearing is necessary and would be useful
to this Court; SEE: Virgin Islands v. Weatherwax 20 f.3d. 572-73
(3d.Cir.1994) (Petitioner entitled to evidentiary hearing on
ineffective assistance of counsel claim where facts viewed in light
most favorable to Petitioner would entitle him to relief). In
assessing whether counsel performed deficiently the Court must
reconstruct the circumstances of counsel's challenged conduct and
evaluate the conduct from counsel's perspective at the time; SEE:
Harrington v. Richter 562 U.S. 86, 131 S.Ct. 770, 779, 178 L.ED.2d.
624 (2011). In this case the Court of Appeals has already confirmed
counsel's deficient performance during direct appeal that warrants
an evidentiary hearing, and the records of this case can establish
counsel's deficient performance during the District Court's
proceeding that supports Petitioner's claims, therefore, an
evidentiary hearing is warranted in this case.

DATE: 3-17-15

Respectfully submitted,
Daniel Jenkins
Daniel Jenkins

16

CERTIFICATE OF SERVICE

I, Daniel Jenkins _____, do hereby certify
under the penalty of perjury, 28 U.S.C. §1746 that I have
served a true and correct copy of the following documents to
be mailed to the following person, or parties, listed below
which pursuant to Houston v. Lack, 487 U.S. 266 (1988), is
deemed filed at the time it was delivered to prison
authorities for forwarding to the Court, and service upon
persons, or parties to this litigation, and/or their Attorney
of record.

I have placed the documents referenced above in a
properly sealed envelope with First-Class Postage affixed, and
I addressed it to:

The UNITED STATES
DiStRiCt CouRt foR thE
DistRiCt OF NEW JERSEY
_____
_____

I have also deposited said envelope via hand delivery
to the Mail Room staff at the:
U.S.P. BiG SANDY P.O. BoX 2068 on this 3-17 day of
INeZ, KY 41274 , 2015.

Respectfully Submitted,

Daniel Jenkins