# ATTACHMENT D



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

October 3, 2013

Michael Gilberti, Esq.
Epstein, Cohen & Gilberti, LLC
21 East Front Street- Suite 210
Red Bank, New Jersey 07701

      Re: Plea Agreement with Daniel Jenkins, a/k/a "OD"

Dear Mr. Gilberti:

      This letter sets forth the plea agreement between your client, Daniel Jenkins, a/k/a "OD," and the United States Attorney for the District of New Jersey ("this Office").

### Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Daniel Jenkins to Count One of the Indictment, Criminal No. 13-646. Count One charges Daniel Jenkins with conspiracy to distribute and possess with intent to distribute 10 grams or more of phencyclidine (PCP) contrary to Title 21, United States Code, Sections 841(a) and 841(b)(1)(B), and a quantity of heroin, contrary to of Title 21, United States Code Section 841(a) and 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846. If Daniel Jenkins enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Daniel Jenkins for knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute 10 grams or more of phencyclidine and a quantity of heroin from on or about May 31, 2012 through on or about September 13, 2012, in the District of New Jersey. In addition, if Daniel Jenkins complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts two through nine of the Indictment, Crim. No. 13-646, against defendant Daniel

Jenkins. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Daniel Jenkins agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Daniel Jenkins may be commenced against him, notwithstanding the expiration of the limitations period after Daniel Jenkins signs the agreement.

### Sentencing

The violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. §§ 841(a) and 841(b)(1)(B) and 841(b)(1)(C)), which is Count One of the Indictment to which Daniel Jenkins agrees to plead guilty, carries a statutory minimum prison sentence of five (5) years and a statutory maximum prison sentence of forty (40) years and a statutory maximum fine equal to the greatest of: (1) $5,000,000.00 or (2) twice the gross profits or other proceeds to Daniel Jenkins. All fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Daniel Jenkins is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Daniel Jenkins ultimately will receive.

Further, with respect to count one, in addition to imposing any other penalty on Daniel Jenkins, the sentencing judge: (1) will order Daniel Jenkins to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Daniel Jenkins to pay restitution pursuant to 18 U.S.C. § 3663 et seq. (3) must order forfeiture, pursuant to 21 U.S.C. § 853; (4) may deny Daniel Jenkins certain statutorily defined benefits, pursuant to 21 U.S.C. § 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 must require Daniel Jenkins to serve a term of supervised

release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. Should Daniel Jenkins be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Daniel Jenkins may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Daniel Jenkins by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Daniel Jenkins' activities and relevant conduct with respect to this case.

### Stipulations

This Office and Daniel Jenkins agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any

- 3 -

stipulation is not binding shall not release either this Office or Daniel Jenkins from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Daniel Jenkins waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Daniel Jenkins understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending her naturalization. Daniel Jenkins understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Daniel Jenkins wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Daniel Jenkins understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Daniel Jenkins waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Daniel Jenkins. This agreement does not prohibit the United States, any agency thereof including the Internal Revenue Service, Immigration and Customs Enforcement or any third party from initiating or prosecuting any civil or administrative proceeding against Daniel Jenkins.

**No Other Promises**

This agreement constitutes the plea agreement between Daniel Jenkins and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: José R. Almonte
Assistant U.S. Attorney

APPROVED:

Ronnell L. Wilson
Chief, Narcotics/OCDETF

       I have received this letter from my attorney, Michael Gilberti, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ Date: 10.4.13
Daniel Jenkins

       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 10.4.13
Michael Gilberti, Esq.

<u>Plea Agreement With Daniel Jenkins</u>

<u>Schedule A</u>

1. This Office and Daniel Jenkins recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Daniel Jenkins nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Daniel Jenkins within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Daniel Jenkins further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

3. Because the offense involved two different controlled substances, phencyclidine ("PCP") (actual) and heroin, the quantities of the substance involved in this case must be added together after they have been converted to marihuana. <u>See</u> U.S.S.G. § 2D1.1(c), Comment n.8(B).

4. The offense involved approximately 11.18 grams of PCP. Pursuant to the Drug Equivalency Table, 1 gram of PCP (actual) is equivalent to 10 kilograms of marihuana. <u>See</u> U.S.S.G. § 2D1.1(c), Comment n.8(D). Therefore, 11.18 grams of PCP is equivalent to 111.8 kilograms of marihuana.

5. The offense also involved approximately 87.3 grams of heroin. Pursuant to the Drug Equivalency Table, 1 gram of heroin is equivalent to 1 kilogram of marihuana. <u>See</u> U.S.S.G. § 2D1.1(c), Comment n.8(D). Therefore, 87.3 grams of heroin is equivalent to 87.3 kilograms of marihuana.

6. The combined quantity PCP and heroin charged in Count One of the Indictment equates to 199.1 kilograms of marihuana. Because the combined quantity of the controlled substances is more than 100 kilograms but less than 400 kilograms of marihuana, the base offense level is 26. <u>See</u> U.S.S.G. § 2D1.1(c)(7).

### Career Offender

7. If Daniel Jenkins is determined to be a Career Offender, pursuant to U.S.S.G. § 4B1.1, due to having sustained at least two prior felony convictions for crimes of violence or controlled substance offenses, the base Offense Level for the instant offense will be 34, and Daniel Jenkins' criminal history will be category VI. Daniel Jenkins reserves the right to argue at sentencing that he is not a Career Offender, and the government reserves the right to argue that he is a Career Offender.

### Total Offense Level and Waiver of Rights

8. As of the date of this letter, Daniel Jenkins has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Daniel Jenkins' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Daniel Jenkins has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Daniel Jenkins enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Daniel Jenkins' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Daniel Jenkins will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that: (a) if the Court finds that Daniel Jenkins is a Career Offender pursuant to U.S.S.G. § 4B1.1, the total Guidelines offense level applicable to Daniel Jenkins is 31; and (b) otherwise the total Guidelines offense level applicable to Daniel Jenkins will be 23 (collectively, the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. Daniel Jenkins knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 31. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.