# ATTACHMENT Q

In the United States Court of Appeals
for the Third Circuit

Date: SEPTEMBER 22, 2014

United States of America

v.

Daniel Jenkins 64784-050
Cr. No. 2:13-cr-00646-WHW-1
Docket NO: 14-1825

Motion to Dismiss and Appoint New Counsel

Now comes, Petitioner, Daniel Jenkins, in pro se capacity, via plea to this Honorable Court to dismiss as appellate counsel, Michael V. Gilberti, ESQ., and appoint new counsel pursuant to the Title 18 U.S.C. 3006A, and Rule 8 (a) (2); a pleading that states a claim for relief must aver a short and plain statement of the claim showing that the pleader is entitled to relief. Petitioner aver the following in support to dismiss counsel and appoint new counsel.

1) Petitioner was indicted on allegations that between, May 31, 2012, and September 10, 2012, in Hudson County, NJ., did knowingly and intentionally conspire and agree with others to distribute a controlled substance; referenced: a mixture of heroin.

2) Attorney Michael V. Gilberti represented, both, Petitioner and his co-defendant, John Edwards, in this criminal prosecution,

which the District Court held a hearing in notification of the possibility of a conflict of interest based on the duel representation.

3) The Court explained to Petitioner, relevant, potential conflicts of interest that may arise, in pertinent part, that Petitioner would unlikely be able to receive a benefit of a reduced sentence based on cooperation if he decides to allow Gilberti to continue representation of both, he and Edwards.

4) Based on the Court's and Gilberti's contention, Petitioner was led to believe that the same applied to Edwards' pleading as well.

5) It appears that Edwards, contrary to the Court's and Gilberti's initial contention, did receive a benefit partial from the duel representation, as both, Petitioner and Edwards should have been subject of the penalty incurred for career offenders, but Edwards through separate hearings received a 48 month sentence opposed to Petitioner's 188 month sentence.

6) The District Court had also explained to Petitioner that neither the attorney, nor the Government, not even the Court can foresee the potential conflict of interest based on the simultaneous representation, but Petitioner, in all, was led to believe that he nor Edwards based on the duel representation would receive a benefit, which clearly had not been the outcome of litigations. This agreement has been breached, and the said agreement was the basis for Petitioner to continue duel representation.

7) Petitioner was instructed by the District Court that he could appeal his sentence and directed his attorney, Gilberti, to file a notice of appeal, Petitioner has not talked to Gilberti since sentencing, and was not notified about the appellate provisions

nor even if the notice of appeal was filed, and, therefore, had inquired to this Court on the status of the supposed litigation of the desired appeal.

8) On, August 7, 2014, this Court notified Petitioner that it is waiting for the remaining case opening form to be filed by, Michael V. Gilberti, and that an order was issued to Gilberti to show cause as to why he has failed to file the required transcript purchase order form, and that he has until, August 8, to respond to the order or he must appear before the Attorney-Hearing officer.

9) Petitioner still has not heard from Gilberti despite continuous attempts to correspond, so, in response to Gilberti's negligence Petitioner has proceeded to file disciplinary actions against Gilberti, based on all of the above mentioned, and continued negligence.

10) Michael V. Gilberti's representation is subject of a conflict of interest during the District Court litigations as well as the Appellate Court. Therefore, in the interest of Justice and integrity of the Courts, Gilberti should be dismissed as counsel and new counsel should be appointed.

Date: 9/22/14

Respectfully submitted,

CERTIFICATE OF SERVICE

I, **Daniel Jenkins**, do hereby certify under the penalty of perjury, 28 U.S.C. § 1746 that I have served a true and correct copy of the following documents to be mailed to the following person, or parties, listed below which pursuant to Houston v. Lack, 487 U.S. 266 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the Court, and service upon persons, or parties to this litigation, and/or their Attorney of record.

I have placed the documents referenced above in a properly sealed envelope with First-Class Postage affixed, and I addressed it to:

Third Cir Court of
Appeals 601 Market St
Phila, Pa 19106
United States

I have also deposited said envelope via hand delivery to the Mail Room staff at the: **U.S.P. Big Sandy** on this **22** day of **September**, 20**14**.

Respectfully Submitted,

*Daniel Jenkins*



INMATE NAME: Daniel Jenkins
REGISTER NUMBER: 64784-050
U.S.P. BIG SANDY
P.O. BOX 2068
INEZ, KY 41224

⇔ 64784-050 ⇔
Third Cir Court Of Appeals
601 Market ST
Phila, PA 19106
United States

LEGAL MAIL