# ATTACHMENT S



United States Court of Appeals For the
Third Circuit

NO. 14-1825

United States of America

v.

Daniel Jenkins

Motion in Opposition of the Government's Motion
For Enforcement of Appellate Waiver, and Summary
Affirmance

Now Comes, Petitioner, Daniel Jenkins, in pro se capacity, in opposition to the Government's Motion to Enforce Appellate Waiver and Summary Affirmance, and aver the following in support:

(1) Petitioner was indicted on allegations of violating United States Penal code section 841 (a) and 841 (b) (1) (b), through a one count indictment based on substance seized in this case, being, 10 grams or more of a mixture and substance containing phencyclidine, and, a quanity of a mixture or substance which contained a particular amount of heroin.

(2) This case resulted in a conviction based on a plea agreement, Rule 11, which Petitioner initially waived certain rights; relevant, direct appeal and collateral.

(3) During the plea colloquy a conflict of interest

1

inquiry was also held based on Petitioner's counsel's representation of, both, he and his co-defendant John Edwards.

(4) The Court explained to Petitioner, relevant, potential conflicts of interest that may arise, in pertinent part, that Petitioner would unlikely be able to receive a benefit of a reduced sentence based on cooperation if he decided to allow his counsel, Michael Gilberti, to continue representation of, both, he and Edwards.

(5) Based on the Court's and Gilberti's contention, Petitioner was lead to believe that the same applied to Edwards pleading as well. However, it appears that, Edwards, contrary to the Court's and Gilberti's initial contention, did receive a benefit partial from the duel representation, as both, Petitioner and Edwards should have been subject of the penalty incurred for career offenders. But, Edwards through separate hearings received a 48 month sentence opposed to Petitioner's 188 month sentence.

(6) The District Court had also explained to Petitioner that neither the attorney, nor the Government, not even the Court can foresee the potential conflict of interest based on the simultaneous representation. However, the direct stipulation during the plea colloquy was that if Petitioner allows his counsel to continue representation of, both, he and Edwards, there will be no benefit of a reduced sentence based on cooperation. Notable that cooperation is discernable on different levels, and prosecutors have the discretion in deciding what precise charge shall be made

or whether to dismiss; SEE: United States v. Armstrong 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.ED.2d. 687 (1996) (Prosecutors have broad discretion in enforcing criminal laws); also: United States v. Berrigan 482 F.2d. 171 (3d Cir. 1973) (observing few subjects are less adapt to judicial review than the exercise by the executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought). However, once the consideration of a benefit was being offered to Edwards, contrary to Petitioner based on a type cooperation, Petitioner's counsel was obligated to terminate his representation of Edwards based on the conflict of interest that the Court stipulated would not occur if Petitioner would allow his counsel to continue representing both he and Edwards. Petitioner was not advised that if this stipulation was breached that his right to be conflict free would be subject to judicial review. The Court only advised Petitioner that if he agree to allow his counsel to continue representing, both, he and Edwards that he (Petitioner) could not later raise a conflict of interest claim. Petitioner did not waive, relinquish, nor abandon his right to appeal the breach of the above stated stipulation, because it was not known to Petitioner that if this particular stipulation was breached that the stipulation would no longer be valid and therefore subject to appeal; SEE: United States v. Oland 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.ED.2d.508 (1993) quoting: Johnson v. Zerbst 304 U.S. 458 (waiver is the intentional relinquishment or abandonment of a known right). It has been longstanding that substance of oral agreements and stipulations are binding when recited on the record and accepted by a Federal

District Judge; SEE: Kokkonen v. Guardian Life Inc. Co. 511 U.S. 375, 128, L.ED.2d 391, 114 S.Ct.1673 (1994). Plea bargains are essentially contracts: See: Mabry v. Johnson 467 U.S. 504, 508, 1045, S.Ct. 2543, 81 L.ED.2d 437 (1984), and oral agreements are part of the contract; SEE: Uncon Processing COP. v. Atkin 465 U.S. 1038, 79 L.ED.2d. 712, 104 S.Ct. 1316 (1984). A charge of a breach of a written contract, that was subsequently modified by an oral agreement presents a purely legal question and goes to the question of what the contract was. Such a defense goes to the question of just what, under the law, the contract between the Government and Petitioner is; SEE: Dairy Queen v. Wood 369 U.S. 469, 8 L.ED.2d.44, 82 S.Ct. 894 (1962). The Supreme Court in, Puckett v. United States 556 U.S. ___, 129 S.Ct.___, 173 L.ED.2d 266, 2009 U.S. Lexis 2330 (2009), holds that, when consideration for a contract fails-that is, when one of the exchanged promises is not kept-the Court does not say that voluntary bilateral consent of the contract never existed, so that it is automatically and utterly void, the Court says that the contract was broken; Also SEE: Foman v. Davis 371 U.S. 178, 9, L.ED.2d .222, 83 S.Ct. 227 (1962) (Federal rules accept the principle that the purpose of pleading is to facilitate a proper decision on the merit). Here in this case, at the plea colloquy it was stipulated that because Petitioner's counsel was representing, both, he and his co-defendant, that one or the other would not receive a benefit for cooperation and if Petitioner agreed to the stipulation it would be no need to appoint separate counsels. Under such a breach Petitioner was not afforded the opportunity to clarify or enhance the record for his benefit. For example: Petitioner's co-defendant's proffers could

have been subjects lodged against Petitioner and Petitioner's counsel at representing both defendants would have represented the proffer for his co-defendant benefit. In that sense Petitioner was not given the opportunity to clarify the potential allegations nor to enhance the record for his own benefit. Then there are circumstances where counsels are not at the proffers nor know the totality of the proffer, but, only know of the existance of the proffer and therefore represent the circumstance for the benefit of their client. Either way the conflict is something that was stipulated during the plea colloquy that Petitioner would be free from. This Court has held, where a defendant does not seek the reversal of his conviction (i.e., does not seek to withdraw his guilty plea) but only challenges the validity of his appellate waiver so that he may appeal his sentence, he is obligated to show a reasonable probability that the Rule 11 error has precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right. The reasonable probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but of error things would have been different; SEE: United States v. Corso 549 f.3d. 921 (3d.Cir.2008); Also SEE: Government of Virgin Islands v. Zepp 748 f.2d.125, 133 (3d.Cir. 1984) (it was not incumbent upon the defendant to show actual prejudice, but prejudice may be presumed from the surrounding circumstances). It was an error of the District Court during the plea colloquy by not advising Petitioner that if their stipulations concerning the conflict of interest was breached, the agreement would no longer be valid and therefore would be subject to appeal.

As well, Petitioner's counsel was ineffective under a conflict of interest when he continued to represent Edwards knowing that an agreement had been stipulated that no benefit contrary to the simultaneous representation would proceed under his counsel. (SEE: Exhibit (1) trans. conflict of interest briefing.) This Court has established that in determining whether a waiver of appeal is knowing and voluntary the role of the sentencing judge is critical; SEE: United States v. Khattak 273 f.3d.557 (3d.Cir.2001), and a waiver is not valid if it works a miscarriage of justice. The District Court's error and counsel's ineffectiveness is ripe for review by this Court; SEE: United States v. Theodoropoulos 866 f.2d.587 (3d.Cir.1988) (record sufficiently establishes a basis for review); United States v. Headly 923 F.2d. 1079 (3d Cir. 1990) (exception to the rule that defendant cannot attack the efficacy of their counsel on direct appeal where the record is sufficient to allow determination of effective assistance of counsel).

(7) During sentencing the District Court advised Petitioner that he could appeal what took place during that juncture. SEE: Exhibit (2) Appeal stipulation. Petitioner advised his counsel to appeal and assumed that he had filed the necessary notice. After Petitioner had discovered that the conflict of interest stipulation provision had been breached, Petitioner began an attempt inquiry through counsel concerning the violation. In turn, counsel would not respond to any of Petitioner's attempt communications. Petitioner then notified this Court of counsel's negligence, and on, August 10, 2014, this Court notified Petitioner that it is waiting for the remaining

6

case opening form to be filed by Petitioner's counsel, and that an order was issued to counsel to show cause as to why he has failed to file required transcript purchase order forms, and that he has until, August 8th, to respond to the order or he must appear before the Attorney-Hearing Officer. Counsel still had not effectuated the necessary litigation and therefore this Court instructed this pro se submission and notified that Petitioner's previous motion to dismiss counsel would accompany this motion to the panel. With this issue presented to this panel and the Sixth Amendment counsel clause, this Court has addressed a logical understanding that is applicable to Petitioner's counsel deliberate negligence; in stating that, (1) if the same lawyer represented the defendant both at trial and on appeal, it is unrealistic to expect a lawyer to argue on appeal that his own performance at trial was ineffective; and (2) resolution of ineffective assistance of trial often requires consideration of matters that are outside the record on direct appeal; SEE: United States v. Derewal 10 f.3d.100 (3d Cir. 1993). Petitioner's counsel not only breached the conflict of interest stipulation during the Rule 11 colloquy, once he realized that Petitioner had discovered the breach, he also defied the Court requirements and Court order. Petitioner should not be precluded from review through direct appeal on these issues that are sufficiently supported by the record violating the Fifth and Sixth Amendment; SEE: United States v. Theodoropoulos 866F.2d.587 (3d.Cir.1988) (record sufficiently establishes a basis for review); United States v. Headly 923 F.2d.1079 (3d.Cir.1990) (SAME); Kimmelman v. Morrison 477 U.S. 365, 91 L.ED.2d. 305, 106, S.Ct. 2574 (1986)

(Defendants are not barred from vindicating their right to effective assistance of counsel); Burger v. Kemp 483 U.S. 776, 794, 107 S.Ct. 3114, 97 L.ED.2d 638 (1983) ~~(court address not what is prudent, or appropriate, but only what is constitutionally compelled)~~.

## Conclusion

Based on the error of the District Court and the conflict of interest stipulation being a predicate of the same error, aggravated by the ineffectiveness of counsel that is supported by the record, the appellate waiver should not be enforced.

Date: October 16, 2014            *Daniel Jenkins*

Exhibit (i) PG. 1 of 5 - Colloquy

6

| | |
|---|---|
| 1 | lawyer. Is that correct? |
| 2 | A  Yes. |
| 3 | Q  And you are supposedly before me today to plead guilty to this charge of conspiring with other people to distribute and possess with intent to distribute controlled dangerous substances as set out in the Indictment 13-341. Is that why you're here today? |
| 8 | A  Yes. |
| 9 | Q  Now, before we proceed further, do you understand that you as a criminal defendant in a case such as this are entitled to have the benefit of advice and counsel given to you by a lawyer who is only loyal to you? |
| 13 | Do you understand that? |
| 14 | A  Yes, sir. |
| 15 | Q  In other words, you're entitled to the benefit of a lawyer who would put your interests first before the interest of anybody else. |
| 18 | A  Yes. |
| 19 | Q  Including any co-defendant in this case. |
| 20 | Do you understand that? |
| 21 | A  Yes. |
| 22 | Q  And do you know that Mr. Gilberti also represents John Edwards, who the Government alleges is a co-conspirator to thi crime? |
| 25 | A  Yes, sir. |

WALTER J. PERELLI, C.S.R., OFFICIAL COURT REPORTER, NEWARK, NJ

Case 2:15-cv-02091-WHW   Document 4-19   Filed 05/15/15   Page 11 of 15 PageID: 247
Case: 14-1825   Document: 003111774062   Page: 10   Date Filed: 10/23/2014

PG. 2 of 5

7

1  Q   What?

2  A   Yes.

3  Q   And do you further understand that your interest might be
4  different from the interests of Mr. Edwards and anybody else
5  with regard to this case, and particularly with regard to the
6  sentencing?

7  A   Yes.

8  Q   You know that?

9  A   Yes.

10 Q   Now, do you understand that therefore the defenses that you
11 may have might conflict with any defenses that Edwards or
12 anybody else may have with regard to the defense of this case?

13 A   Yes.

14 Q   You know what I mean by "conflict"? They might clash
15 against each other. Do you understand that?

16 A   Yes.

17 Q   And if there is a conflict between what you are trying to
18 defend yourself with and what Edwards is trying to defend
19 himself with, or anybody else, Mr. Gilberti might not be able
20 to do -- defend you as well as you are entitled to. You
21 understand that?

22 A   Yes.

23 Q   And if he continues to represent you, it might be difficult
24 for you to cooperate with the Government if you so wished to do
25 so. Do you understand that?

WALTER J. PERELLI, C.S.R., OFFICIAL COURT REPORTER, NEWARK, NJ

Case 2:15-cv-02091-WHW   Document 4-19   Filed 05/15/15   Page 12 of 15 PageID: 248
Case: 14-1825   Document: 003111774062   Page: 11   Date Filed: 10/23/2014

Pg. 3 of 5

8

1   A   Yes.

2   Q   Do you further understand that if you cooperate with the

3   Government, you may be able to receive a reduced sentence; that

4   is, a sentence below what you and the Government agreed is

5   reasonable under the terms of a plea bargain.

6       Do you understand that?

7   A   Yes.

8   Q   Now, whether you get it or not is not up to the Government,

9   it's up to the judge.

10      Do you understand that?

11  A   Yes.

12  Q   And do you also understand that having one attorney

13  representing you and your co-defendant, it may be unlikely that

14  you will be able to receive a benefit of cooperation; that is,

15  a reduced sentence?

16      Do you understand that?

17  A   Yes.

18  Q   Neither you nor your attorney, nor the Government, not even

19  the Court can foresee all the conflicts that my arise by the

20  fact that you and Edwards have the same attorney.

21      Do you know that?

22  A   Yes.

23  Q   And have you agreed -- or strike that -- have you discussed

24  with Mr. Gilberti the potential conflicts of interest in this

25  case?

WALTER J. PERELLI, C.S.R., OFFICIAL COURT REPORTER, NEWARK, NJ

Case 2:15-cv-02091-WHW   Document 4-19   Filed 05/15/15   Page 13 of 15 PageID: 249
Case: 14-1825   Document: 003111774062   Page: 12   Date Filed: 10/23/2014

Pg 4 of 5

9

1   A   Yes.

2   Q   And do you also know that you have a right to talk with and
3   consult with and get the advice from somebody else who is
4   different from Mr. Gilberti as a lawyer to determine whether
5   you should have Mr. Gilberti represent you?

6   A   Yes.

7   Q   You know all that?

8   A   Yes, sir.

9   Q   And do you realize, or do you know that I, just tell like
10  Judge Shwartz, I will give you an opportunity, if you wish such
11  an opportunity, to speak to another attorney about the
12  potential conflicts of interest or any concern you may have
13  about Mr. Gilberti continuing to represent you and Edwards
14  simultaneously.

15          Do you know that?

16  A   Yes.

17  Q   Do you wish that?

18  A   No, sir.

19  Q   You're sure?

20  A   Yes.

21  Q   Have you had enough time to think this matter over?

22  A   Yes.

23  Q   And you know what you're doing?

24  A   Yes, sir.

25  Q   Do you realize that even if you cannot afford to hire your

WALTER J. PERELLI, C.S.R., OFFICIAL COURT REPORTER, NEWARK, NJ

Case 2:15-cv-02091-WHW   Document 4-19   Filed 05/15/15   Page 14 of 15 PageID: 250
Case: 14-1825   Document: 003111774062   Page: 13   Date Filed: 10/23/2014

Pg. 5 of 5

10

1   own attorney, that I will appoint an attorney to consult with
2   you about this conflict of interest?
3          Do you understand that?
4   A   Yes.
5   Q   Have you spoken to anybody else?  Have you ever spoken to
6   any other attorney about this conflict of interest?
7   A   No, sir.
8   Q   Do you want to speak to somebody else?  I mean, when I say
9   "somebody else," I mean another lawyer.
10  A   No, sir.
11  Q   You're sure?
12  A   Yes.
13  Q   And you've had enough time to consider this issue?
14  A   Yes.
15  Q   Are you satisfied with the way Mr. Gilberti has represented
16  you so far?
17  A   Yes.
18  Q   Do you still want to proceed with him as your attorney,
19  even though he represents Edwards as well?
20  A   Yes, sir.
21  Q   Now, do you understand you're giving up your right to have
22  legal representation free from any conflict of interest?  Do
23  you know that?
24  A   Yes.
25  Q   Has anyone promised you anything to have you take this

Case 2:15-cv-02091-WHW   Document 4-19   Filed 05/15/15   Page 15 of 15 PageID: 251
Case: 14-1825   Document: 003111774062   Page: 14   Date Filed: 10/23/2014

38

*Exhibit (2)*

```
 1      as approved by the United States Probation Office.  You are to
 2      abide by the rules of any such program and remain in treatment
 3      until you've satisfactorily discharged by the Court.
 4              You don't have the ability to pay a fine; I so make
 5      that determination, and I will waive the fine in this matter.
 6      But you are ordered to pay to the Court a total special
 7      assessment of $100.00, which is due immediately.
 8              You have the right to appeal what I've done pursuant
 9      to Section 3742 of Title 18 United States Code, and if you're
10      not able to pay you may request the Clerk of the Court to file
11      a Notice of Appeal on your behalf.
12              I recommend that the Bureau of Prisons designate a
13      facility for service of this sentence as near as possible to
14      your home address.
15              Anything else?
16              MR. GILBERTI:  Yes, your Honor.  We'd ask that you
17      recommend to the Bureau of Prisons -- .
18              THE COURT:  Come up.
19              MR. GILBERTI:  I'm sorry.
20              THE COURT:  You ask what?
21              MR. GILBERTI:  We ask that you recommend to the Bureau
22      of Prisons that he be assigned to the Residential Drug Abuse
23      Program, the 500-hour comprehensive program in the Bureau of
24      Prisons.  He needs a judge's recommendation to be --
25              THE COURT:  He has that recommendation.
```

WALTER J. PERELLI, C.S.R., OFFICIAL COURT REPORTER, NEWARK, NJ