UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA
-v-
DANIEL JENKINS
CR. NO. 2:13-CR-00646-WHW-1

REPLY TO THE GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. 2255

Now comes, Petitioner, Daniel Jenkins, in pro se capacity, in reply to the government's response to his motion pursuant to 28 U.S.C. 2255, and in support aver the following:

THE CONFLICT OF INTEREST HEARING

In the government's response they quote that a hearing was held in the presence of, both, Petitioner and his co-defendant Edwards, based on a potential conflict of interest because defense counsel, Michael Gilbert, was representing both defendants. At the time of the conflict of interest hearing, which was the only time that Petitioner and Edwards were presented together, both were the subjects of a Rule 11 plea agreement potentially being validated. The basis of the conflict of interest inquiry was in efforts of protecting the constitutional safe-guards of the potential knowing, intelligent, and voluntary predicates of the Rule 11 plea; see, Hill v. Lockhart, 474 U.S. 52 (1985)(knowing, voluntary, and intelligent guilty plea). It is true that Petitioner waived his right to challenge a conflict of interest

violation, later, however a waiver is only valid if the defendant know of the right that he is waiving; see, United States v. Olano, 507 U.S. 725 (1993)(waiver is the intentional relinquishment or abandonment of a known right); Brady v. United States, 397 U.S. 742 (1970)(defendant may waive both constitutional and statutory rights, provided they do so voluntary and with knowledge of the nature and consequences of the waiver). In Petitioner's case, he was advised (by inference) that neither he nor Edwards would be likely to receive a benefit of a reduced sentence based on cooperation if he decides to allow his counsel to continue representation of both defendants. This advice was the basis of determining whether it was constitutionally permitted and an intelligent choice to continue to allow the simultaneous representation under a potential conflict of interest. Keeping in mind that cooperation has different levels and its benefits considered in different ways. What the government failed to mention in their response is that Petitioner's counsel nor did the court advise Petitioner that if this "particular" agreement was breached it would no longer be valid. The court only advised that no one can foresee a potential conflict, and that if they allow counsel to continue the simultaneous representation that they cannot later raise an issue based on a claim of conflict of interest. This agreement is protected by contract laws and the courts have held that when a consideration of a contract fails - that is, when one of the exchanged promises is not kept - the court does not say that the voluntary bilateral consent of the contract never existed, so that it is automatically and utterly void, the court says that the

2

contract was broken; see, Puckett v. United States, 556 U.S. ____ (2009). Petitioner was not advised that if the particular agreement was breached it would no longer be valid and therefore subject of appeal.

Therefore, the waiver was not an intentional relinquishment or abandonment of a known right, which in fact had potential crucial consequences. Petitioner did not know of the right to appeal if there was a breach of this particular agreement. Not only was there an error through the court's instructions, its error occurred through the plea negotiation process. And, had Petitioner known that he was not protected he would not had agreed absent a stipulated agreement that would have assured him that if Edwards cooperated with any information that could have supported Petitioner or caused Petitioner to defend, the waiver would not be valid and subject of appeal. Therefore, absent, Petitioner would not have allow the simultaneous representation to continue. As it stood, based on the separation of the proceedings, Edwards was in a position contrary to Petitioner's belief without Petitioner having any safe-guard or remedy against the potential conflict. It is not as government contend, in that, Petitioner hoped that Edwards would have received a different sentence, Petitioner was under the impression that neither would be targeted above or below culpability in the alleged conspiracy. Petitioner did not expect counsel to be able to work out a better deal for Edwards than himself.

Edwards had spent equal number of times of incarceration as Petitioner and they had been incarcerated together. The fact that the government, through counsel's

3

representation, decided not to pursue Edwards particular potential background penalties is contrary, whether on any level, than what was applied to Petitioner. The waiver was not knowing and intelligent. Also, the government allege that there was some concessions of them not pursuing to add amounts of drugs sold through the investigation in exchange for Petitioner's guilty plea. None of the government's and Gilbert's concessions would have changed Petitioner's guideline range and the points given for the plea and acceptance of responsibility would have been factors normally considered based on the circumstances of the efficiency of the plea.

FAILURE TO FILE A NOTICE OF APPEAL:

The government's contention that Petitioner's counsel was not bound to file a notice of appeal is without merit. The courts have explicitly referenced the filing of the notice of appeal requirement of counsel; see, Roe v. Flores-Ortega, 528 U.S. 470 (2000); United States v. Edwards, 297 F. Supp. 2d 813 (E.D. PA. 2003); United States v. Shedrick, 493 F.3d 292 (3d Cir. 2007); also see, Burks v. United States, 446 F. Supp. 2d. 374 (E.D. PA. 2006)(where the alleged ineffectiveness of counsel is counsel's failure to file an appeal, a petitioner must demonstrate that there is a reasonable probability, that but for counsel's deficient failure he would have timely appealed). The courts have also explicitly directed that it is not enough just to file the notice but that counsel is bound to submit a brief pursuant to, Anders v. California, when counsel believes that there is no merits for appeal; Roe v.

Flores-Ortega. The government's contention that the rule articulated in Flores-Ortega and in Solis is not without exception also has no merit in this case, and based on counsel's reason exemplified by the government as to to why counsel failed to file the notice of appeal and effectuate its requirements do not support the government's claim.

The government presented portions of Petitioner's counsel's letter to the Court of Appeals as to why he had not filed the notice. Whereas, counsel simply submitted that "he went back to the file and reviewed the plea agreement and its waiver language", and determined that Petitioner waived his right to appeal. Counsel's submission indicate that his reasons were founded long after the violation of not filing the notice of appeal had occurred. More importantly notable through counsel's letter he was not relieved as counsel of the record when Petitioner was forced to file a pro se notice of appeal, in efforts to attempt to preserve it, because counsel had not answered any of Petitioner's attempt communications. If further appears that counsel knew of Petitioner's desire to appeal and claim that he thought that he wanted to proceed pro se.

Moreover, based on the fact that counsel's self-proclaimed reasons are contrary to the government's example of, Flores-Ortega and Solis's exception, counsel's reasons would be the basis of review. And, based on counsel's reasons he should have represented Petitioner's instructions to file the notice of appeal and effectuate the requirements of Anders v. California, and then, through that process if the Court of Appeals had determine that the appeal had no merit, then his

5

representation of Petitioner would have been terminated. Not as counsel has submitted, in that, it was his "understanding" that Petitioner wanted to proceed pro se. However, even under that conception, counsel still should have filed the notice of appeal and let the Court of Appeals determine whether to appoint an attorney to effectuate the appeal. What is more clear by the record, Petitioner has never submitted anything implicating that he desire to proceed pro se, but to the contrary, requested his desire and need for an attorney to be appointed. However, because counsel did not proceed, as the Court of Appeals had directed, Petitioner was forced into a pro se submission as to why the waiver should not be enforced. The government also represented as support for their claim, a Third Circuit recent case, and claim that it is identical to Petitioner's agreement and waiver. The government's representation is misleading, the case claimed, United States v. Erwin, is based on a defendant who cooperated. Petitioner did not cooperate and is seeking to show that his counsel was ineffective through the plea negotiation and for not filing a notice of appeal. The government further claim that if Petitioner's counsel is found to be ineffective for mot filing the notice of appeal the only viable remedy would be for the court to remand the case to resentence Petitioner so that he can proceed with an appeal. But, then the government goes off course and claim that Petitioner has already filed an appeal, and the Third Circuit barred it.

  The government appears to evade the fact that there is a highly different classification concerning a trained attorney and an untrained pro se litigant; see, Johnson v.

Avery, 393 U.S. 483 (Pro se litigants for all practical purposes run the risk, if not assisted, that valid constitutional claims will never be heard in any court). In Petitioner's case had his counsel allowed him to consult, Petitioner may have provided an oversight that counsel may not have been aware of that his expertise in litigation may have been able to express to the court articulately. Then on the other hand, if counsel considered that Petitioner's concerns had no merit, counsel was bound to address the potentials of the issue, or lack of, in an Anders brief, which Petitioner would have been given an opportunity to express his concerns in an informal brief to the Court of Appeal. As Anders specifically requires counsel to refer to anything in the record that might arguably support the appeal. After a defendant is given the opportunity to express his issue, the court -- not counsel -- then proceeds, after full examination of all proceedings, to decide whether the case is wholly frivolous. Petitioner's counsel was ineffective for not filing the notice of appeal and for not effectuating its proceeding.

CALCULATION OF THE QUANTITY OF NARCOTICS:

Petitioner advised his counsel to conduct an independent evaluation on the quantity of the drugs allegedly seized via the investigation because the quantity alleged to be seized was overstated. As such, the government concede through the PSI investigation the quantity was overstated but allege that the error would not had changed the guideline range. Petitioner is not contesting guilt of possession, and sale of narcotics, and obviously would know what and how much

he purchased for re-sale. Petitioner advised his counsel that the government's assessment was overstated, as the government has "minimally" allege such error occurred. However, Petitioner told his counsel that the alleged quantity was excessively overstated and based on the fact that, in part, the quantity would determine his guideline range, in order for counsel to work out an effective and proper negotiation he would have to have factual support, not based on mere allegations presented by the opposition.

Drug quantity is primarily relevant under the penalties section in 21 U.S.C. 841(b) under which the court determines the proper sentence to apply after a defendant is convicted. The government claim that Petitioner did not raise this claim during the district court proceeding, however, this claim is presented as demonstrative of counsel's ineffectiveness during the plea negotiation. The government also claim that Petitioner can neither litigate nor re-litigate de facto direct appellate challenges, and if so claiming as support, the government should have left that contention alone because it only support the above stated ineffective assistance of counsel during appeal that prevented the claim from being briefed.

## CONCLUSION

Based on the above facts and the brief pursuant to 28 U.S.C. 2255 initially submitted an evidentiary hearing is required.

Date: 06-18- , 2015

Respectfully submitted,

*Daniel Jenkins*