

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*José R. Almonte*
*Assistant U.S. Attorney*

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

January 28, 2016

The Honorable William H. Walls
United States District Judge
Martin Luther King, Jr., Federal Building
 & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    <u>United States v. Daniel Jenkins, a/k/a "OD"</u>, Civ. 15-2091(WHW), Crim. No. 13-646 (WHW)

Dear Judge Walls:

      Please accept this letter-brief in lieu of a more formal submission in response to petitioner Daniel Jenkins's ("Jenkins") supplemental petition for habeas corpus relief, pursuant to Title 28, United States Code, Section 2255. It appears that Jenkins claimed that he is entitled to relief for the following reasons: (1) there was an unwarranted disparity between his sentence and the sentence of his co-defendant, Johnny Edwards ("Edwards"); (2) counsel was ineffective because he did not challenge Jenkins's status as a career offender at the sentencing hearing; (3) counsel was ineffective because counsel did not appeal the Court's finding that Jenkins was a career offender; (4) counsel was ineffective for failing to challenge the government's estimation of the amount of narcotics for which Jenkins was held responsible; and (5) the career-offender provision of the United States Sentencing Guidelines ("Guidelines") is vague and unconstitutional in light of *United States v. Johnson*, __ U.S. __, 135 S.Ct. 2551 (2015). None of the arguments that Jenkins advanced -- some of which he has already made in his initial petition -- support his claim that he is entitled to relief under Section 2255. Below the government first addresses Jenkins's alleged constitutional claim and then the remaining claims of ineffective assistance of counsel.[1]

---

[1] The government has attempted to stitch together Jenkins's claims, which were spread through four different submissions filed between December 21, 2015 and December 28, 2015. To the extent Jenkins intended to make different arguments, the government respectfully requests the opportunity to respond further. It is also worth mentioning that Jenkins's petitions are peppered with baseless allegations. For example, in arguing that Jenkins' sentence resulted in an unwarranted sentencing disparity, Jenkins accused the Court of "downplaying" Johnny Edwards' prior offenses but not Jenkins' prior offenses. Dckt No. 17 at 10-11. The government's response is not dedicated to addressing those, and similar, unfounded and meritless claims. Instead, the government's response is focused on the issues that it believes will assist the Court in deciding Jenkins's petition.

## JENKINS'S CONSTITUTIONAL CHALLENGE TO
## THE CAREER OFFENDER GUIDELINES

At the sentencing hearing, the Court found that Jenkins was a career offender and sentenced him accordingly to 188 months' imprisonment. Jenkins now argues that the career offender provision of the Guidelines is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015), and its progeny. However, *Johnson* is not applicable to this case, not even by analogy.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 2563. The Supreme Court explained that, in general, a felon in possession of a firearm faces a maximum term of imprisonment of 10 years under federal law. *Id.* If, however, that same offender had "three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life." *Id.* The ACCA defined "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**.

*Id.* (citing 18 U.S.C. § 924(e)(2)(B)) (emphasis in original). The so-called "residual clause" is the last portion of the definition which reads: "*or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* The Supreme Court found that the residual clause was vague and unconstitutional for reasons that are not relevant here. *Id.*

Jenkins correctly highlights that the career offender provision of the Guidelines contains a substantially identical residual clause. *See United States v. Goodwin*, 2015 WL 5167789, at *2 (10th Cir. Sept. 4, 2015). More specifically, U.S.S.G § 4B1.2(a)(2) defines "crime of violence" as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**. (Emphasis added).

But Jenkins's argument misses the point. Under the Guidelines, a defendant is a career offender if he satisfies the following factors:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence **or a controlled substance offense**.

U.S.S.G. § 4B1.1 (emphasis added). The Court designated Jenkins as a career offender because both the instant offense and at least three prior offenses qualified as "controlled substance offense," not because Jenkins had committed a "crime of violence." *See* Attachment A at 20:20-24:25. Because the definition of "crime of violence" was not applied in this case, the residual clause of the career offender Guidelines was never even considered when determining Jenkins's status as a career offender. Jenkins's argument must therefore fail and his request for relief should be denied.

## **JENKINS'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL**

Jenkins's remaining arguments focus on his counsel's alleged ineffective performance (points 1 through 4 outlined above). Those arguments are designed to challenge his sentence. The Court may deny Jenkins's claims summarily because the Third Circuit has already determined that Jenkins waived his right to challenge his sentence. *See* Attachment T, annexed to the government's initial response dated May 15, 2015, which is incorporated by reference herein along with all of its attachments. As set forth in the government's initial response, although Jenkins disguised his arguments as ineffective-assistance-of-counsel claims, Jenkins "can neither litigate nor re-litigate *de facto* direct appellate challenges by simply dressing them 'in different legal garb[s],' e.g., by stitching them to the performance of defense counsel through self-serving, bold assertions.'" *Sellers v. United States*, Civ. No. 14-388, 2014 WL 340598, at *2 (D.N.J. Jan. 30, 2014) (Bumb, J.) (citation omitted). Jenkins's petition should therefore be denied.

Alternatively, the Court may deny Jenkins's petition on the merits. In its initial petition, the government already addressed the merits of most of Jenkins's ineffective-assistance claims, in whole or in part. However, a few points are worth reiterating and expanding upon.

First, Jenkins's claim that his sentence resulted in an unwarranted sentencing disparity is both factually and legally incorrect. In sum, Jenkins had a higher criminal history category because he was a career offender, as defined under U.S.S.G. § 4B1.1, and his co-defendant,

Edwards, was not. In addition, the offense level for Jenkins was higher than the offense level for Edwards because the evidence showed that Jenkins was more involved in the narcotics trade than Edwards.[2] Simply put, the two defendants were not similarly situated for purposes of sentencing. There was no unwarranted sentencing disparity.

Second, Jenkins claimed that his counsel was ineffective in the manner in which counsel challenged the career-offender designation. The fact is undisputed that Jenkins met all the prerequisites of U.S.S.G. § 4B1.1 to qualify as a career offender. Jenkins does not offer any evidence to the contrary. The issue at sentencing was whether the Court should have exercised its discretion and ignored Jenkins's career offender status. Defense counsel submitted a sentencing memorandum dated February 27, 2014, to the Court on this precise issue.[3] The parties debated the same issue at length at the sentencing hearing. *See* Attachment A at 2:13-29:1 (attached to the government's initial response); *see also* the government's sentencing memorandum dated March 6, 2014, which the government incorporates by reference herein. The mere fact that the Court disagreed with defense counsel's arguments does not mean he was ineffective. To hold otherwise would entitle very defendant to relief merely by the function of his attorney not prevailing on a legal argument. Jenkins's claim should not prevail.

The third claim that Jenkins made was that his attorney was ineffective for not appealing the Court's finding concerning Jenkins's career-offender designation. It is worth repeating that the Third Circuit has already ruled that Jenkins was barred from appealing his sentence because he was sentenced within the terms of the negotiated plea agreement. Nothing in Jenkins's supplemental submissions establish how defense counsel could have appealed successfully the career-offender designation without breaching the plea agreement, of which Jenkins received the full benefits. Defense counsel therefore was not ineffective.

The fourth point that Jenkins argued is that counsel was ineffective for failing to challenge the drug amount attributed to Jenkins. The government has already responded to this frivolous claim in its initial response and noted that, prior to Jenkins pleading guilty, the government provided Jenkins laboratory reports concerning the narcotics he sold in this case. In his supplemental submissions, Jenkins appears to take issue with the government's comments at

---

[2] Jenkins alleged that he and Edwards were equally culpable. To support his argument, Jenkins cites to the transcript of Edwards's sentencing hearing, during which the government stated that Edwards was a "behind-the-scenes narcotics dealer. He was the one to whom Jenkins went to get supplies to then pass it on to the undercover agent in this case." *United States v. Johnnie K. Edwards*, Crim. No. 13-715 (sentencing transcript dated March 11, 2014) at 26:1-3. Jenkins interpreted this statement to mean that the government had concrete proof that Edwards was Jenkins's supplier for **each** of the narcotics transactions in this case. Dckt. No. 20 at 6-7. Jenkins takes this statement out of context and ignores that the government was referring to two specific transactions about which Jenkins himself allocuted during his plea hearing. *See* Attachment C at 28-30.

[3] Jenkins appears to take issue with the fact that defense counsel did not make specific arguments. According to Jenkins, his counsel should have argued that the sentencing commission issued a report which criticized the application of the career offender provisions of the Guidelines. Dckt. No. 17 at 1-2. Assuming that Jenkins's characterization is accurate, Jenkins still fails to establish how that specific argument would have altered the outcome in this case. The Court was well aware of its discretion to not designate Jenkins as a career offender. The Court looked at the case in its entirety and concluded that the designation was warranted in this case. That is not surprising given Jenkins's extensive criminal history.

the sentencing hearing that the amount of heroin seized from him amounted to approximately 3,900 doses. He appears to argue that this was inadmissible hearsay. As a matter of law, hearsay evidence is permitted at sentencing hearing. *United States v. Robinson*, 482 F.3d 244, 245 (3d Cir. 2007). But the government's proffer to the Court was not hearsay at all. At the plea hearing, Jenkins allocuted that he sold approximately 78 "bricks" of heroin in this case. *See* Attachment C at 26-30. Importantly, Jenkins further allocuted that each "brick" "contains approximately 50 individual glassine envelopes of heroin." *Id.* at 27. Contrary to Jenkins's belief, defense counsel did challenge this calculation at the sentencing hearing. As the Court noted, this was an issue of pure arithmetic: 78 bricks multiplied by 50 doses per brick, equals 3,900 individual doses. *See* Attachment A at 18:21 - 19:23. Jenkins has failed to articulate how his attorney was ineffective with respect to calculating the narcotics amount for which Jenkins was responsible.

In sum, Jenkins has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the petitioner by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because there was no such error, Jenkins cannot claim that he was prejudiced by his counsel's representation. The government respectfully requests that the Court issue an order denying Jenkins's petition.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Jenkins's constitutional challenge to the career offender Guidelines and deny his petition for habeas corpus relief pursuant 28 U.S.C. § 2255. Because Jenkins has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this Court should find that a certificate of appealability should not be issued in this case.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By: José R. Almonte
Assistant U.S. Attorney

cc: Daniel Jenkins (via certified mail)