DANIEL JENKINS #64784-050
F.C.I. ALLENWOOD (MEDIUM) BOX 2000
WHITE DEER, PA. 17887

"ORIGINAL"

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

2017 MAR 22  P 3: 47

Civil Docket # 2:15-CV-02
091-WHW

DANIEL JENKINS - PRO SE          :
                 PETITIONER,     :     MOTION REQUESTING SUPPLEMENTAL
                                 :     AUTHORITY OF CASELAW PREVIOUSLY
    VS.                          :     DECIDED BY CIRCUIT COURT OR
                                 :     RAISED BY UNITED STATES SUPREME
                                 :     COURT IN "MATHIS", 195 L.ED 2D 604
UNITED STATES OF AMERICA,        :     ( 2016 ).
                 RESPONDENT      :
                                 :         PER. RULE - 28(J)

===============================================================

TO:

HON: WILLIAM H. WALLS, USDJ          MR. JONATHAN MICHAEL PECK, AUSA
MLK COURTHOUSE  50 WALNUT ST.        UNITED STATES ATTORNEY'S OFFICE
UNITED STATES COURTHOUSE             970 BROAD STREET
NEWARK, NEW JERSEY 07102             NEWARK, NEW JERSEY 07102


PROCEDURAL HISTORY

    PETITIONER WILL RELY AND ADOPT THE PREVIOUSLY FILED PROCEDURAL HISTORY
INCORPORATED IN HIS ORIGINAL BRIEF FILED IN THIS MATTER


STATEMENT OF THE CASE

    PETITIONER, DANIEL JENKINS , PRO SE, SUBMITS THIS SUPPLEMENTAL AUTHORITY
IN SUPPORT OF HIS 2255 HABEAS CORPUS PETITION WHICH WAS FILED ON  3/17/2015
AND WHICH WAS AMENDED ON  12/14/15 . PETITIONER SUBMITS THAT THIS
SUPPLEMENTAL AUTHORITY DOES NOT PRESENT NEW ISSUE'S, THEORIES, OR ARGUMENTS
IN THIS MATTER. BUT MERELY CLARIFIES EXISTING ONES AND BRINGS TO THE COURT'S
ATTENTION NEW CASELAW EXPLAINING PETITIONER'S GROUNDS FOR RELIEF WHICH WERE
PREVIOUSLY FILED IN HIS SECOND AMENDED PETITION.

PETITIONER SUBMITS THAT IN LIGHT OF <u>MATHIS V. UNITED STATES</u>, 195 L.ED 2D 604 . ( 2016 ), HIS PRIOR STATE DRUG CONVICTIONS CANNOT BE USED AS ENHANCEMENTS UNDER THE SENTENCING GUIDELINES. IN 'MATHIS', THE COURT EXPLAINED THE "CATEGORICAL" APPROACH TO BE APPLIED IN DETERMINING WHETHER A STATE CONVICTION CAN BE COUNTED TOWARDS A SENTENCING ENHANCEMENT. "TO DETERMINE WHETHER A PAST CONVICTION IS FOR ONE OF THOSE OFFENSES, COURTS COMPARE THE ELEMENTS OF THE CRIME OF CONVICTION WITH THE ELEMENTS OF THE 'GENERIC' VERSION OF THE LISTED OFFENSE. MATHIS, <u>ID.</u> AT 2248. IF THE ELEMENTS OF THE STATE STATUTE UNDER WHICH THE DEFENDANT HAS A PRIOR CONVICTION ARE BROADER THAN THE ELEMENTS OF THE BASELINE OFFENSE REFERENCED IN THE SENTENCING ENHANCEMENT, THEN THE PRIOR CONVICTION CANNOT BE COUNTED. CRUCIALLY, AS THE COURT EXPLAINED IN MATHIS, THE ELEMENTS OF THE STATUTE ARE TO BE CONSIDERED WITHOUT REFERENCE TO THE SPECIFIC CONDUCT UNDERLYING A DEFENDANT'S PRIOR CONVICTION. IT IS THE SCOPE OF THE ELEMENTS OF THE OFFENSE ITSELF WHICH ARE DISPOSITIVE. IF THE ELEMENTS OF THE STATE OFFENSE ARE BROADER THAN THE BASELINE DEFINITION IN THE SENTENCING ENHANCEMENT PROVISION, THEN PRIOR CONVICTIONS UNDER THAT STATUTE CANNOT BE COUNTED TOWARDS THE ENHANCEMENT. THAT IS THE "CATEGORICAL" APPROACH WHICH IS REQUIRED BY MATHIS. <u>SEE</u> - <u>UNITED STATES V. DAHL</u>, 833 F.3D 345, 350 (3D CIR. 2016).

IN THIS CASE, THE BASELINE DEFINITION IN THE GUIDELINE ENHANCEMENT PROVISION IS "CONTROLLED SUBSTANCE OFFENSE" WHICH IS FURTHER DEFINED BY THE GUIDELINES AS AN OFFENSE ....

> THAT PROHIBITS THE MANUFACTURE, IMPORT, EXPORT,
> DISTRIBUTION, OR DISPENSING OF A CONTROLLED
> SUBSTANCE OR THE POSSESSION OF A CONTROLLED
> SUBSTANCE WITH INTENT TO MANUFACTURE, IMPORT,
> EXPORT, DISTRIBUTE, OR DISPENSE. U.S.S.G. 4B1.2

THE NEW JERSEY DRUG STATUTE UNDER WHICH PETITIONER WAS CONVICTED DOES NOT MATCH UP WITH THAT DEFINITION BECAUSE THE NEW JERSEY STATUTE ALLOWS FOR CONVICTION FOR OFFENSES INVOLVING MATERIALS WHICH ARE BEYOND WHAT THE FEDERAL LAW WOULD CONSIDER A "<u>CONTROLLED SUBSTANCE</u>".

( 2 )

SPECIFICALLY A SO CALLED DRUG "ANALOG" IN NEW JERSEY IS WITHIN THE SCOPE
OF THE NEW JERSEY STATUTE BUT IS BROADER THAN THE SCOPE OF A FEDERAL
CONTROLLED SUBSTANCE.

IN ORDER TO QUALIFY AS A DRUG ANALOG UNDER FEDERAL LAW, THE SUBSTANCE
IN QUESTION MUST BE DEPRESSIVE, STIMULANT OR HALLUCINOGENIC ON THE CENTRAL
NERVOUS SYSTEM, 21 U.S.C. 802(32), WHILE THE NEW JERSEY STATUTE APPLIES TO
SUBSTANCES WHICH HAVE ANY SIMILAR DRUG EFFECT, WHICH WOULD INCLUDE
ANTIBIOTIC EFFECTS, ANALGESIC EFFECTS AND EFFECTS ON THE PERIPHERAL NERVOUS
SYSTEM, NONE OF WHICH WOULD QUALIFY AS DRUG ANALOGS UNDER THE FEDERAL STATUTE.

THE FEDERAL CONTROLLED SUBSTANCE ANALOGUE ACT DEFINES A "CONTROLLED
SUBSTANCE ANALOGUE" AS A SUBSTANCE:

> (i) THE CHEMICAL STRUCTURE OF WHICH IS SUBSTANTIALLY
> SIMILAR TO THE CHEMICAL STRUCTURE OF A CONTROLLED
> SUBSTANCE IN SCHEDULE I OR II;

> (ii) WHICH HAS A STIMULANT, DEPRESSANT, OR HALLUCINOGENIC
> EFFECT ON THE CENTRAL NERVOUS SYSTEM THAT IS
> SUBSTANTIALLY SIMILAR TO OR GREATER THAN THE
> STIMULANT, DEPRESSANT, OR HALLUCINOGENIC EFFECT ON
> THE CENTRAL NERVOUS SYSTEM OF A CONTROLLED SUBSTANCE
> IN SCHEDULE I OR II; OR

> (iii) WITH RESPECT TO A PARTICULAR PERSON, WHICH SUCH
> PERSON REPRESENTS OR INTENDS TO HAVE A STIMULANT,
> DEPRESSANT, OR HALLUCINOGENIC EFFECT ON THE CENTRAL
> NERVOUS SYSTEM THAT IS SUBSTANTIALLY SIMILAR TO OR
> GREATER THAN THE STIMULANT, DEPRESSANT, OR
> HALLUCINOGENIC EFFECT ON THE CENTRAL NERVOUS SYSTEM
> OF A CONTROLLED SUBSTANCE IN SCHEDULE I OR II.

21 U.S.C. 802(32)(A).

IN A FEDERAL PROSECUTION WHERE THE MEANS TO COMMIT THE OFFENSE INVOLVES
AN ANALOG, THE PRECISE NATURE OF THE PHARMACOLOGICAL EFFECTS OF THE
SUBSTANCE AT ISSUE ON THE CENTRAL NERVOUS SYSTEM IS A KEY MATTER WHICH MUST
BE PROVED. SEE - UNITED STATES V. NASIR, (E.D. KY. SEPT. 25, 2013). IT
PLAINLY LIMITS THE SCOPE OF WHAT IS A CONTROLLED SUBSTANCE FOR PURPOSES OF
FEDERAL LAW, AND THIS WOULD APPLY TO THE GUIDELINES AS WELL. THAT DEFINITION
IS TO BE APPLIED TO ANY FEDERAL LAW:

> A CONTROLLED SUBSTANCE ANALOGUE SHALL. TO THE EXTENT
> INTENDED FOR HUMAN CONSUMPTION BE TREATED, FOR THE
> PURPOSES OF ANY FEDERAL LAW AS A CONTROLLED SUBSTANCE
> IN SCHEDULE I.
>
> 21 U.S.C. 813 (EMPHASIS ADDED)

NEW JERSEY, ON THE OTHER HAND, HAS A BROADER DEFINITION SUCH THAT A
CONVICTION UNDER THE NEW JERSEY DRUG LAWS CAN BE OBTAINED FOR A SUBSTANCE
THAT WOULD NOT BE A CONTROLLED SUBSTANCE . UNDER NEW JERSEY LAW:

> CONTROLLED SUBSTANCE ANALOG" MEANS A SUBSTANCE THAT
> HAS A CHEMICAL STRUCTURE SUBSTANTIALLY SIMILAR TO
> THAT OF A CONTROLLED DANGEROUS SUBSTANCE AND THAT
> WAS SPECIFICALLY DESIGNED TO PRODUCE AN EFFECT
> SUBSTANTIALLY SIMILAR TO THAT OF A CONTROLLED
> DANGEROUS SUBSTANCE. THE TERM SHALL NOT INCLUDE A
> SUBSTANCE MANUFACTURED OR DISTRIBUTED IN CONFORMANCE
> WITH THE PROVISIONS OF AN APPROVED NEW DRUG
> APPLICATION OR AN EXEMPTION FOR INVESTIGATIONAL USE
> WITHIN THE MEANING OF SECTION 505 OF THE FEDERAL
> FOOD, DRUG AND COSMETIC ACT". 52 STAT. 1052 (21 U.S.C.
> 355).

THUS THE STATE DEFINITION IS BROADER. IT DOES NOT MATTER WHAT SPECIFIC
SUBSTANCE WAS INVOLVED IN PETITIONER'S PRIOR STATE CASES. UNDER THE
CATEGORICAL APPROACH WHAT MATTERS IS THAT ELEMENTS OF THE STATE STATUTE
ARE BROADER THAN THE SCOPE OF THE BASELINE GUIDELINE DEFINITION. NEW JERSEY'S
STATUTE IS NOT COEXTENSIVE WITH THE FEDERAL ACT BECAUSE SUCH FEDERAL ACT IS
NARROWER THAN THE DEFINITION UNDER NEW JERSEY LAW. AS STATED IN <u>UNITED STATES</u>
<u>V. HINKLE</u>, 832 <u>F.3D</u> 569 (5TH. CIR. 2016), IT DOES NOT MATTER WHAT THE
DEFENDANT'S ACTUAL CONDUCT HAD BEEN UNDERLYING THE TEXAS PRIOR CONVICTION.
ALL THAT MATTERED WAS THAT THE ELEMENTS OF THE TEXAS STATUTE WERE BROADER
THAN THE DEFINITIONAL TERM UNDER THE GUIDELINES.

AS THE THIRD CIRCUIT EXPLAINED IN <u>CHANG-CRUZ V. ATTORNEY GENERAL</u>, 3D
CIR. NO. 14-4570)(AUGUST 24, 2016) IF THE FACTUAL ISSUE IN QUESTION IS NOT
AN ALTERNATIVE ELEMENT, THEN UNDER THE CATEGORICAL IF THE SCOPE OF THE
STATE STATUTE IS BROADER THAN THE APPLICABLE DEFINITION, THE PRIOR STATE
CONVICTION CANNOT BE EMPLOYED.

( 4 )

PETITIONER SUBMITS THAT THE CATEGORIZATION OF HIS N.J.S.A. TITLE 35 OFFENSE AS 'A CONTROLLED SUBSTANCE OFFENSE WOULD DEPEND ON FACTS UNDERLYING THE CONVICTION WHICH ARE NOT ELEMENTS OF THE OFFENSE. DESCAMPS AND MATHIS DICTATES THAT WHEN SUCH OCCURS THE STATUTE IS OVERBROAD AND THEREFORE FAILS AS A PREDICATE OFFENSE UNDER THE CATEGORICAL APPROACH. SEE - 133 S.CT. AT 2281-82 (PROHIBITING A COURT FROM LOOKING TO AN OFFENDER'S UNDERLYING CONDUCT TO DETERMINE THAT A PRIOR CONVICTION QUALIFIES AS A PREDICATE OFFENSE WHEN "THE ELEMENTS OF THE CRIME FAIL TO SATISFY THE CATEGORICAL TEST).

PETITIONER SUBMITS THAT HIS STATE DRUG CONVICTIONS ARE OVERBROAD IN THAT THEY CRIMINALIZE CONDUCT THAT IS NOT ALWAYS CONSIDERED A FEDERALLY DEFINED "CONTROLLED SUBSTANCE OFFENSE". THEREFORE, A VIOLATION OF THE STATUTE IS NOT A PREDICATE OFFENSE FOR PURPOSES OF THE CAREER OFFENDER ENHANCEMENT. "MATHIS", "DESCAMPS", 133 S.CT. AT 2283 (IF THE STATUTE SWEEPS MORE BROADLY THAN THE GENERIC CRIME, A CONVICTION UNDER THAT LAW CANNOT COUNT AS A PREDICATE, EVEN IF THE DEFENDANT ACTUALLY COMMITTED THE OFFENSE IN ITS GENERIC FORM"). THE FACTUAL CIRCUMSTANCES OF THE CONVICTION ARE NOT WHAT MATTER, THE KEY IS THE ELEMENTS OF THE CRIME. THE LAW IS CLEAR THAT THE CATEGORICAL APPROACH DETERMINATIONS APPLIES TO CAREER OFFENDER ENHANCEMENTS BOTH BEFORE AND AFTER DESCAMPS. SEE - UNITED STATES V. STINSON, 592 F.3D 460 (3D CIR. 2010); UNITED STATES V. JONES, 740 F.3D 127 (3D CIR. 2014).

PETITIONER THEREFORE SUBMITS THAT THE COURT SHOULD FIND THAT HIS STATE CONTROLLED SUBSTANCE OFFENSE'S DO NOT QUALIFY FOR FEDERAL ENHANCEMENT PURPOSES AND THAT THE CAREER OFFENDER DESIGNATION WAS ERRONEOUSLY IMPOSED.

RESPECTFULLY SUBMITTED,

DANIEL JENKINS #64784-050
F.C.I. ALLENWOOD MEDIUM
P.O. BOX 2000
WHITE DEER, PA. 17887

MARCH 13, 2017

(5)



INMATE NAME/NUMBER Mr. David Barkais #64784-050
FEDERAL CORRECTION COMPLEX-ALLENWOOD Medium
P.O. BOX 2000
WHITE DEER, PA 17887

#64784-050

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 MAR 22   3: 47

MAR 17 2017

HARRISBURG PA 171
20 MAR 2017 PM 2 L

◇64784-050◇
Us Dist Court
Att: Clerk of Court
50 Walnut ST
Newark, NJ 07101
United States

07102-355599