S.M. Chris Franzblau
Stephen N. Dratch*
Julian Wilsey
Brian M. Dratch*
Shay Shailesh Deshpande*

NEW YORK OFFICE
233 Broadway, Suite 1800
New York, NY 10279
(212) 571-1808
Please reply to NJ Office

# Franzblau Dratch, P.C.

Attorneys At Law
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, New Jersey 07039-0472

Main Office (973) 992-3700
Telecopier (973) 992-7945 or (973) 994-0130

email: SDRATCH@njcounsel.com

OF COUNSEL
Richard E. Mischel*
Allen B Pearl
Sanford F. Young*
Adam D. Dratch*

* NJ & NY BAR

Writer's Direct Dial: (973) 533-7212

April 22, 2019

William H. Walls, USDJ
Martin Luther King, Jr., Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  *Jenkins v. United States*, Civil Action No. 15-2091

Dear Judge Walls:

I am counsel who has been appointed to represent petitioner Daniel Jenkins ("Jenkins" or "Petitioner") in the above-referenced action pursuant the Criminal Justice Act (18 U.S.C. § 3006A(a)(2)(B)).  I am writing in regard to the Court's Order for supplementary briefing "to address the standard for relief on Petitioner's claim that his attorney failed to file an appeal in light of the partial appellate waiver in Petitioner's plea agreement and Petitioner's filing of a timely but defective *pro se* appeal." (ECF Dkt. # 35).  After a review of the record and legal research my office has performed, and for the reasons discussed in further detail below, I must

{00164635 - 1}                                  1

**FRANZBLAU DRATCH, P.C.**
A PROFESSIONAL CORPORATION

inform Your Honor that I am unable to elucidate any such standard that applies to the unique fact pattern of this case. I am, of course, willing to discuss the matter further with the Court if it wishes to provide me with further guidance.

The trouble I am having with the Court's Order is its description of Petitioner's *pro se* appeal as "defective." While that document may or may not comply with the requirements of Fed. R. App. P. 3(c), I do not see anything in the record that indicates that the Third Circuit considered Petitioner's *pro se* notice of appeal to be something other than that. Indeed, the government in those proceedings described Petitioner as having filed a "*pro se* appeal" (*see* ECF Dkt. #33) and the Third Circuit, in its penultimate order, invited Petitioner to address the government's "motion to enforce [the] appellate waiver" and added that it was considering his motion to have new counsel appointed, presumably if it found there was some question as to the applicability of the appellate waiver (ECF Dkt. # 4-18). The Third Circuit then granted the government's motion to enforce the appellate waiver. (ECF Dkt. # 4-20). So far as I can tell, it never ruled that Petitioner did not, in fact, file a notice of appeal or give any indication that it was defective in some other way that prejudiced Petitioner's appellate rights.

Perhaps one could take issue with the fact that Petitioner was effectively required to represent himself in arguing against the applicability of the appellate waiver without the benefit of counsel having submitted a formal *Anders* brief. For example, the Second Circuit has held that counsel is still required to submit an *Anders* brief where the defendant filed a *pro se* notice of appeal in the face of an appellate waiver. *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000). And, the Supreme Court has recently indicated that this procedure should be

followed when counsel neglects to file a notice of appeal when the client instructs him to do so. *Garza v. Idaho,* No. 17-1026, slip op. at 8 n.8 (U.S. Sup. Ct. Feb. 27, 2019).

Still, even if the requirements of *Anders* were not followed to the letter before the Third Circuit, it was the Third Circuit itself that considered whether counsel should be appointed to assist Petitioner on the issue of applicability of the appellate waiver, but ultimately chose to summarily dismiss the appeal. Obviously, it would be, to put it mildly, irregular for a district court to command an appellate court to take action of some sort.

If anything, this case seems to reveal something of a conundrum in the operation of *Anders*. Specifically, as *Anders* is a command to intermediate appellate courts, it appears that it is self-operating absent intervention by either the United States Supreme Court or the highest state court of review. Indeed, Judge Kugler, in *Patillo v. United States*, rejected an ineffective assistance of counsel argument made on a petition pursuant to 28 U.S.C. § 2255 where the Third Circuit actually held that appellate counsel's *Anders* brief was inadequate. No. 11-391, 2012 WL 2087450, at *7 (D. N.J. June 7, 2012). Judge Kugler held that any violation of *Anders* was of no moment considering the Third Circuit, after its own review, agreed that there were no non-frivolous grounds for appeal even if counsel's *Anders* submission was wanting. *Id.* In substance, this appears to be what transpired before the Third Circuit in Petitioner's case.

For the foregoing reasons, I do not see what relief the Court can provide Petitioner other than perhaps to grant him a certificate of appealability where he can be appointed counsel to represent him on appeal. It is almost a certainty, however, that appellate counsel will file its own *Anders* brief, hopefully this time one that passes constitutional muster. Whatever the case, the result is bound to be the same as the Third Circuit has already determined that Petitioner's waiver barred appellate review of the same issues he wishes to raise here. Notwithstanding my

FRANZBLAU DRATCH, P.C.
A PROFESSIONAL CORPORATION

reservations about the merits of Petitioner's case, I am willing to discuss the matter further with the Court to see if there are other issues in support of his cause that could be explored further.

Respectfully submitted,

Stephen N. Dratch

cc: Jonathan Peck, AUSA