NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL JENKINS, | Civil Action No. 15-2091 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

1. On March 11, 2014, the Honorable William H. Walls, U.S.D.J., sentenced the petitioner in this matter, Daniel Jenkins, to 188 months imprisonment after Jenkins, on October 29, 2013, pled guilty to conspiracy to distribute heroin and PCP, in violation of 21 U.S.C. § 846, as charged in Count 1 of the October 29, 2013 indictment against him. (*See* Mar. 19, 2014 Crim. J., available in *United States v. Jenkins*, No. 13-cr-646 at DE 66.)

2. On or about March 14, 2014, Jenkins filed a timely notice of appeal, *pro se*, challenging his conviction and sentence. (*See* No. 13-cr-646 at DE 70.) On December 9, 2014, the Third Circuit summarily dismissed Jenkins' direct appeal by way of an Order which, *inter alia*, granted the United States' motion to enforce the appellate waiver Jenkins agreed to as part of his plea agreement. *See United States v. Jenkins*, USCA Case No. 14-1825, Dec. 9, 2014 Order.

3. On or about March 24, 2015, Jenkins, then proceeding *pro se*, initiated the present habeas matter by filing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the March 11, 2014 sentence imposed by Judge Walls. (DE 1.) This matter was, at that time, assigned to Judge Walls.

4. Jenkins' original § 2255 motion asserts two grounds: (1) that he received ineffective assistance from counsel during plea negotiations; and (2) that he received ineffective assistance from counsel during his direct appeal. (*See* DE 1 at 5, 6.) Jenkins thereafter, in a series of supplemental *pro se* submissions, also raised a number of other grounds for § 2255 relief. (*See*, *e.g.*, *United States*' Jan. 28, 2016 Letter at 1, DE 22 (detailing five separate habeas grounds asserted by Jenkins); *id.* at n.1 (noting that some of these claims were advanced by Jenkins in the four different submissions he filed between December 21, 2015 and December 28, 2015); Jenkins' Nov. 14, 2017 Application to Amend (claiming that a prior state court conviction was not a qualifying predicate offense for purposes of sentencing him as a career offender).)

5. On October 19, 2018, Judge Walls entered an Order which, *inter alia*, found "that a hearing [was] required on Ground Two [of Jenkins' § 2255 motion] only" and that it was appropriate to appoint counsel for Jenkins to further prosecute that claim. (DE 35.) Judge Walls accordingly appointed Stephen N. Dratch to represent Jenkins in this matter. (*Id.*)

6. On April 22, 2019, Mr. Dratch, in accordance with Judge Walls' October 19th Order, filed a supplemental brief on the merits of Jenkins' Ground Two claim. (DE 39.) The United States filed its response to the same on June 8, 2019. (DE 41.)

7. Critically, while it would appear that Judge Walls, by way of his October 18th Order, implicitly concluded that none of Jenkins' other § 2255 claims provided a basis for habeas relief, Judge Walls never issued any ruling which expressly analyzed those other asserted habeas claims and/or otherwise unequivocally found that those claims were meritless and/or procedurally barred.

8. Unfortunately, Judge Walls passed away before holding a hearing on Jenkins' Ground Two claim or entering a final dispositive ruling on any of Jenkins' other asserted habeas

claims. In the wake of Judge Walls' passing, this matter was re-assigned to the undersigned on July 18, 2019. (DE 42.)

9. On September 10, 2019, the undersigned conducted a telephone conference with counsel for Mr. Jenkins and the United States. During that conference, the Court, in light of the foregoing procedural considerations and with the consent of both parties, gave Jenkins' counsel leave to file one omnibus § 2255 pleading which presents all of the claims asserted by Jenkins in his various *pro se* submissions in a clear and cogent manner; counsel may, if he so chooses, do so by way of reference to the portions of the record where those claims are advanced. Jenkins' counsel may also, if he so chooses, submit supplement briefing in support of those claims.

For the foregoing reasons, and for good cause shown,

IT IS on this 10th day of September, 2019,

ORDERED that Jenkins – through counsel – shall, on or before November 1, 2019, submit a supplemental habeas filing that comports with the terms of this Memorandum Order[1]; and it is further

ORDERED that the United States shall have until December 2, 2019 to file its response to the same; and it is further

ORDERED that Jenkins shall have until December 16, 2019 to file a reply in further support of his habeas claims; and it is further

ORDERED that the Court will thereafter notify counsel as to whether a hearing will be held.

---

[1] To be clear, defense counsel's filing shall at a minimum set forth (with docket citations) all arguments raised by Jenkins. Counsel does not have to repeat Jenkins' full argument and analysis. Instead, counsel must merely reference the issue (such as "ineffective assistance in filing notice of appeal") along with the docket cite. Defense is also granted leave to supplement any of the current arguments as counsel sees fit.

s/ John Michael Vazquez
HON. JOHN M. VAZQUEZ, U.S.D.J.