UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL JENKINS,<br><br>                Petitioner,<br><br>- v -<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Civil Action No. 15-2091 (JMV)<br><br>**OMNIBUS PETITION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner Daniel Jenkins ("Petitioner" or "Jenkins"), through his undersigned attorneys who were appointed as CJA counsel pursuant to the Criminal Justice Act, in accordance with the Court's Memorandum Order entered September 12, 2019 (ECF dkt. # 46) (the "September 12 Order") respectfully submits this Omnibus Petition that seeks an order vacating his conviction and sentence pursuant to 28 U.S.C. § 2255. (Petitioner filed his initial *pro se* petition on or about March 25, 2015 ("Petition") (ECF dkt. # 1).)[1]

### Summary of the Case and Relevant Procedural Background

On October 29, 2013, Petitioner pleaded guilty to distribute heroin and PCP as charged in Count 1 of his indictment of the same day. On March 11, 2014, the Honorable William H. Walls, U.S.D.J. sentenced Petitioner to 188 months imprisonment. The facts underlying the charges in the indictment and Petitioner's guilty plea are set forth in Petitioner's initial brief at pages one to three and in the United States' Response to the Petition ("Response Brief," available at ECF Dkt. # 4) at pages one to twelve and are incorporated herein by reference in accordance with paragraph nine of the September 12 Order.

---

[1] The Petition consisted of the federal inmate's form petition filled out by Petitioner and a *pro se* brief. Citations to the form are denoted as "Form at [pg no]." Citations to the *pro se* brief are denoted as "PBr at [pg no]."

For purposes of this submission, Petitioner states that in the course of his plea negotiations he agreed to be represented by the same attorney, Michael Gilberti, Esq., that was representing his co-defendant John Edwards and purported to waive his right to be represented by a potentially conflict-free attorney. (PBr at 3, 5-7). Petitioner agreed to the waiver based on Mr. Gilberti's advice that an incurable conflict would only arise if either Petitioner or Mr. Edwards would give testimony or other evidence against the other that would tend to further inculpate the other for purposes of sentencing, but that he could continue the joint representation if sentencing was based only on the allegations in the charging instruments. (*Id.*)

In exchange for his guilty plea, the United States agreed that it would recommend a sentence at the lowest range of the Sentencing Guidelines depending on whether the Court determined Petitioner was a career offender based on at least two prior felony convictions for crimes of violence or controlled substances offenses. (ECF Dkt. # 4-4 at p. 8). Petitioner reserved the right to argue that he was not career offender. (*Id.*) Because the Court ultimately found Petitioner to be a career offender, the Guidelines Range was 188 to 235 months' imprisonment, resulting in a recommendation of a 188 month sentence that Petitioner received. (ECF Dkt. # 4-1 at p. 37). The plea agreement also contained an appellate waiver whereby Petitioner agreed not to appeal if he received a sentence that resulted from Guidelines offense level of 31. (ECF Dkt. # 4-4 at p. 9).

Petitioner would later discover that Mr. Edwards received a 48 month sentence even though Petitioner believed that Edwards was also "subject[] [to] career offender enhancements." (PBr. at 3). This comparatively lenient sentence Mr. Edwards received led Petitioner to conclude that Mr. Gilberti broke his promise that information Edwards provided to the government under would not be used against Petitioner. In its Response Brief, the United States asserted that

2

Petitioner's belief that Mr. Edwards was a career offender was incorrect and that he was not sentenced based on information he provided that inculpated Petitioner. (RespBr. at 9).

On March 12, 2014, one day after his sentencing hearing, Jenkins filed what appeared to be a *pro se* notice of appeal in the form of the letter to the Third Circuit Court of Appeals, which stated he had "not secured appellate counsel." (ECF Dkt. # 4-6). The Third Circuit ordered Mr. Gilberti, at various times, to enter an appearance on Petitioner's behalf and to take certain procedural actions. (*See* ECF Dkt. # 4-7, 4-8, 4-9, 4-10). Mr. Gilberti was reluctant to do so based on the fact that Petitioner's appeal alleged his representation was constitutionally deficient and that Petitioner did not want Mr. Gilberti to represent him. (ECF Dkt. # 4-9).

Eventually on September 11, 2014, the United States moved to enforce the appellate waiver contained in Petitioner's plea agreement and to have the appeal dismissed. (ECF Dkt. # 33-1). On September 29, 2014, Petitioner filed an opposition to the United States' motion that sought the appointment of new counsel. (ECF Dkt. # 4-17). The Third Circuit, on October 2, 2014, invited Petitioner to address the government's "motion to enforce [the] appellate waiver" and added that it was considering his motion to have new counsel appointed. (ECF Dkt. # 4-18). Petitioner filed response that included a legal argument that his trial court counsel was ineffective and that his appeal should be heard on that basis. (ECF Dkt. # 4-19). On December 9, 2014, the Third Circuit summarily granted the United States' motion to enforce the appellate waiver and dismissed Petitioner's appeal. (ECF Dkt. # 4-20).

As noted above, Petitioner, proceeding *pro se*, filed the instant petition on March 25, 2015. In his initial filing, Petitioner raised three issues:

(1)   Was Petitioner's trial counsel ineffective for representing both Petitioner and his co-defendant, John Edwards during plea negotiations? (Form at 5, PBr. at 5-8).

3

(2)     Was Petitioner's trial counsel ineffective for not determining the quantity of drugs during plea negotiations? (Form at 5, PBr. at 10-12).

(3)     Did Petitioner receive ineffective assistance of counsel on his direct appeal? (Form at 6; PBr.at 12-15).

On December 12, 2016, Petitioner filed a memorandum of law that raised an additional argument that his sentence was invalid because he should not have been considered a career offender for purposes of the Sentencing Guidelines. (ECF Dkt. # 26). Petitioner made two additional filings in support of this argument on March 22, 2017 (ECF Dkt. # 29) and November 20, 2017 (ECF Dkt. # 31).

### Legal Grounds For Petition

*Ineffective Assistance of Counsel for Joint Representation of Petitioner and Edwards*

As indicated above, the crux of Petitioner's claim that joint representation implicates his Constitutional right to effective counsel is that Edwards provided information to the Government inculpating Petitioner that resulted in Mr. Edwards receiving a much more lenient sentence. Petitioner also believed that Mr. Edwards did have two prior felony drug distribution felonies, meaning Mr. Edwards should have been considered a career offender. Counsel notes that the Government's response to the Petition does not appear to address Petitioner's claim that Mr. Gilberti misrepresented how he would approach the joint representation. Indeed, its Response Brief wrote: "To be sure, a defendant could argue on appeal that there was a sentencing disparity between his sentence and a co-defendant's sentence," but argued that it was a moot issue only because of the appellate waiver. (Response Brief at 20). It is therefore respectfully submitted that an evidentiary hearing would be proper vehicle to determine whether Mr. Edwards did

4

provide inculpating information against Petitioner under the auspices of Mr. Gilberti's representation.

*Ineffective Assistance of Counsel for Failure to Obtain Independent <u>Calculation of Quantity of Narcotics</u>*

Petitioner has asserted that he instructed Mr. Gilberti to conduct an independent analysis of the calculation of the quantity of narcotics involved in the alleged transactions, but Mr. Gilberti refused to do so and took the Government's calculations at face value. Petitioner asserts that Mr. Gilberti violated his duty to his client to perform an adequate investigation of his client's case and potential defenses. (Form at 5, PBr. at 10-12).

*<u>Petitioner Should Not Have Been Considered A Career Offender</u>*

Through supplemental pleadings, Petitioner challenged his designation as a career offender. (ECF Dkt. # 26, 29, 31). Petitioner relied primarily on *Chang-Cruz v. Attorney General*, 659 Fed. Appx. 114 (3d Cir. 2016), which held that the State statute (N.J.S.A. § 2C:35-7(a)) under which Petitioner was previously convicted, was not considered an aggravated felony under federal law because the state offense could be committed by means either of distribution or dispensing a controlled substance.

*<u>Petitioner Received Ineffective Assistance of Counsel on His Appeal</u>*

Petitioner argued that he received ineffective assistance of counsel during his appeal because Mr. Gilberti refused to file a notice of appeal as he requested and essentially abandoned Petitioner when the Third Circuit sought briefing on the issue of the effectiveness of the appellate waiver in Petitioner's plea agreement. Judge Walls found this argument to have sufficient merit that he ordered CJA counsel be appointed to brief the issue further. (ECF Dkt. # 35 at ¶ 2).

5

Initially, it should be noted that the Supreme Court recently ruled that an appellate waiver does not relieve a criminal defense attorney from filing a notice of appeal if the client requests that he do so. *Garza v. Idaho*, 139 S. Ct. 738 (2019). Thus, to the extent that the Third Circuit dismissed Petitioner's appeal based on a defective notice of appeal, the proper remedy is to allow him "a new opportunity to appeal." *Id.* at 749.

But even if the Third Circuit dismissed on the basis of the appellate waiver, Petitioner did not have the assistance of counsel in arguing that the appellate waiver did not apply. While such *pro se* representation is not necessarily improper, courts have ruled that the proper course is to have counsel submit an *Anders* brief that provides a reasoned basis as to why there are no non-frivolous grounds for appeal. *See United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000); *see also Garza*, 139 S. Ct. at 756 n.8.

## CONCLUSION

For all of the foregoing reasons, Petitioner Daniel Jenkins respectfully requests that the Court grant vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

Dated: October 31, 2019

                                FRANZBLAU DRATCH, P.C.

                                By: __/s/ Stephen N. Dratch__
                                354 Eisenhower Parkway
                                Plaza One
                                Livingston, New Jersey 07039
                                *Attorneys for Petitioner*