

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Jonathan M. Peck*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*     *(973) 645-2700*
*Newark, New Jersey 07102*

December 18, 2019

***VIA ECF***

Honorable John Michael Vazquez
United States District Court Judge
District of New Jersey
United States Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

      Re:    ***United States v. Daniel Jenkins*, 15-CV-2091**
                **Opposition to Petitioner's Omnibus Petition**

Dear Judge Vazquez:

      Please accept this letter brief in response to Petitioner Daniel Jenkins' ("Jenkins" or "Petitioner") Omnibus Petition to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. no. 47). In sum, Jenkins argues that his conviction and sentence should be vacated because the Court improperly deemed him a career offender at sentencing and because he suffered from ineffective assistance of counsel. As set forth below and in the Government's prior submissions in this case, Jenkins has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("[R]elief under § 2255 is available only when 'the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice' and . . . 'present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" (citations omitted)). Accordingly, the Petition should be denied.

      In multiple prior submissions in this case, the Government has summarized the factual and procedural history, set forth the governing standards for relief, and responded in detail to each of Jenkins' arguments—including the arguments set forth in his Omnibus Petition.[1] For the benefit of

---

[1] The United States incorporates all prior submissions in this matter by reference. The Government's prior submissions include (1) Response of the United States to Daniel Jenkins'

the Court, a brief summary of the Government's responses to Petitioner's key arguments are set forth below.

## I.   The Court Properly Deemed Jenkins a Career Offender

At sentencing, Judge Walls properly found that Jenkins was a career offender pursuant to U.S. Sentencing Guideline § 4B1.1 because Jenkins had at least two prior convictions for controlled substances offenses.  In fact, Jenkins had *three* prior convictions for distribution of a controlled substance within 1,000 feet of school property in violation of N.J. Stat. Ann. § 2C:35-7(a). All three qualified as predicate convictions to deem Jenkins a career offender. Jenkins argues that the Court improperly counted these convictions as "controlled substance offenses" as defined in U.S.S.G. §4B1.2.  Jenkins relies on *Chang-Cruz v. Attorney General United States*, 659 Fed.Appx. 114 (3d Cir. 2016) to argue that N.J.S.A. § 2C:35-7 criminalizes conduct that is broader than the definition of controlled substance offense as defined in U.S.S.G. §4B1.2 and hence cannot be used as a predicate to designate him a career offender.   Jenkins' reliance on Chang-Cruz is misplaced.

The issue in *Chang-Cruz* was whether N.J. Stat. Ann. § 2C:35-7(a)— which prohibits distributing, dispensing, or possessing with intent to distribute a controlled substance within 1,000 feet of a school—qualified as an aggravated felony under the federal deportation statue, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(B).  *Chang-Cruz*, 659 Fed.Appx. at 116–17.  The Third Circuit found that the New Jersey statute was broader than its federal counterpart, *i.e.*, 21 U.S.C. § 860, and thus could not qualify as an aggravated felony.  *Id.* at 119.

However*, Chang-Cruz* did not address the issue that Jenkins has presented here, which is whether a conviction under N.J.S.A. § 2C:35-7 qualifies as "controlled substance offense" and thus a predicate to be considered a career offender under U.S.S.G. § 4B1.2(a).  Contrary to Jenkins' arguments, the Third Circuit has explicitly held that it does.  *See United States*

---

Petition Pursuant to 28 U.S.C. § 2255, May 15, 2016 (Doc. no. 4); (2) Letter from the United States in Response to Petitioner's Supplemental Petition, Jan. 28, 2016 (Doc. no. 22); (3) Letter from the United States in response to Court Order, April 4, 2018 (Doc. no. 33) (further addressing Petitioner's supplemental arguments regarding career offender designation); and (4) Letter from the United States in Response to Petitioner Letter, June 8, 2019 (Doc. no. 41) (further addressing Petitioner's ineffective assistance claim based on failure to file notice of appeal).

*v. Lampley*, 723 Fed.Appx. 152 (3d Cir. 2018) (distinguishing *Chang-Cruz*).[2]  In *Lampley*, the Third Circuit held that under the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b), "there can be no doubt that Lampley's conviction under the New Jersey statute is a categorical match to its federal counterpart, as both cover conduct related to "dispensing" and "distributing."  As such, Lampley was properly qualified as a career offender for sentencing purposes."  *Lampley*, 723 F. App'x at 155.

## II.   Jenkins Did Not Receive Ineffective Assistance of Counsel

Jenkins argues that his attorney Michael Gilberti was ineffective because he: (1) also represented Jenkins' co-defendant John Edwards in connection with his plea and sentencing; (2) did not demand independent laboratory tests of the drug evidence; and (3) failed to file a timely notice of appeal.

In order to establish that he received constitutionally ineffective assistance from counsel, Jenkins has the burden to prove that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013).  To show deficient performance, Jenkins must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the petitioner by the Sixth Amendment."  *Id.*  To establish prejudice, Jenkins must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Id.*  Here, Jenkins has not met his burden to show either deficient performance or prejudice.

Jenkins did not receive ineffective assistance of counsel due to his attorney's representation of co-defendant John Edwards.  Jenkins' argument is based on the baseless assumption that Edwards received a reduced sentence because he cooperated with the Government and provided information detrimental to Jenkins.  Jenkins has provided no factual support for this

---

[2] *See also United States v. Shannon*, 2017 WL 4978671, at *7 (3d Cir. Nov. 1, 2017) (unpublished) (holding that a violation of N.J.S.A. § 2C:35–7(a) "is properly considered a controlled substance offense" to qualify the defendant as a career offender under the U.S. Sentencing Guidelines); *see also United States v. Jackson*, 711 F. App'x 90, 92 (3d Cir. 2017) (unpublished) ("Unlike [21 U.S.C.] § 860, the Career Offender Guideline does cover "dispensing" in its disjunctive list of elements.  Thus, [defendant's] reliance on *Chang–Cruz* is misplaced.")

assertion.  In fact, the transcript of Edwards' sentencing hearing makes clear that Judge Walls granted a departure pursuant to U.S.S.G. § 4A1.3(b), finding that Edwards' criminal history category overrepresented his criminal history. *See* Edwards Sentencing Hr'g Tr. 12:4–13:17, March 11, 2014.

Moreover, Jenkins made a knowing and informed waiver of the potential conflict of interest presented by Gilberti's dual representation on two separate occasions.  First, before then Magistrate Judge Patty Schwartz and then again before Judge Walls at Jenkins' plea hearing.  Because Jenkins has not, because he can not, offered any facts to support his claim that Gilberti had an impermissible conflict that Jenkins did not waive, his ineffective assistance claim must fail.

Similarly, Jenkins' argument that his counsel was ineffective for failure to demand independent laboratory tests of the drugs also lacks merit.  Here, Jenkins again cites no facts or legal authority to support why failing to have the drugs tested by an independent laboratory was objectively unreasonable under the circumstances.  *See Bethea v. Frank*, No. 16-CV-6879, 2018 WL 1883448, at *7 (S.D.N.Y. Mar. 20, 2018), report and recommendation adopted, 2018 WL 1891309 (S.D.N.Y. Apr. 18, 2018) (rejecting petitioner's claim that his trial counsel was ineffective for not retaining an independent laboratory to test drug evidence).  In addition, Jenkins knowingly and willingly pleaded guilty pursuant to a plea agreement, which explicitly set forth the type and quantities of the drugs involved in the crime.  Because Jenkins never challenged the drug calculations or laboratory tests before, he is barred from raising them on collateral review now.  *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); *Thomas v. United States*, No. CV 09-CV-5339 (KSH), 2016 WL 3129614, at *3 (D.N.J. June 1, 2016) (citing *Frady* in finding that petitioner was procedurally barred from raising an issue in a collateral attack that he failed to raise on direct appeal).

Finally, Jenkins has not shown that he is entitled to relief because his attorney failed to file a notice of appeal.  The Supreme Court has held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal," with no need for a 'further showing' of his claims' merit,  . . . regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 139 S. Ct. 738, 747, 203 L. Ed. 2d 77 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S.

470 (2000)).  Here, however, Jenkins was not deprived of an appeal because he immediately filed a notice of appeal pro se.  Not only did Jenkins file the notice of appeal, his appeal was also heard by the Third Circuit.  In fact, after Jenkins requested that his appointed counsel be relieved, Jenkins submitted a *pro se* response to the Government's motion to enforce the appellate waiver in his plea agreement.  Ultimately, the Third Circuit granted the Government's motion and dismissed the appeal because it was barred by the appellate waiver provision of his plea agreement.  However, there is nothing in the appellate record to suggest that Jenkins was "deprive[d] . . . of an appeal that he otherwise would have taken."  *Id.*  Even if his counsel had filed and argued the appeal, the result would have been the same because of the appellate waiver in the plea agreement.  Thus, Jenkins cannot show that he was prejudiced by any actions or inactions of counsel.

In sum, Jenkins has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the petitioner by the Sixth Amendment."  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Hence, his petition should be denied.

### III.   No Hearing Is Warranted and No Certificate of Appealability Should Issue

An evidentiary hearing is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (evidentiary hearing is only necessary when the petition "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." (quoting *Booth*, 432 F.3d 542 (3d Cir. 2005))).  Specifically with regard to ineffective assistance claims, the Third Circuit has held that, if "on the existing record, those claims that are non-frivolous conclusively fail to show ineffective assistance of counsel," that is, "[i]f a non-frivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the petitioner, then the claim does not merit a hearing."  *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988).

As set forth above and in the Government's prior submissions in this matter, Jenkins' collateral attack on his plea and sentence is based largely on inaccurate facts contradicted by the record.  Furthermore, the facts presented by Jenkins do not establish that his counsel was objectively deficient or that

Jenkins suffered any prejudice.  Hence, no hearing is warranted.  Similarly, a certificate of appealability should not be issued.  *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (certificate of appealability should only be issued where a petitioner has shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: _____
Jonathan M. Peck
Assistant United States Attorney